STATE OF NEBRASKA, APPELLANT AND CROSS-APPELLEE, V.
KARA J. VASQUEZ, APPELLEE AND CROSS-APPELLANT.
716 N.W.2d 443

Filed June 30, 2006. No. S-05-1019.

Jon Bruning, Attorney General, and James D. Smith, and Greg M. Ariza and Gretchen McGill, Deputy Sarpy County Attorneys, for appellant.

Joseph L. Howard, of Gallup & Schaefer, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

In January 2005, the appellant, Kara J. Vasquez, pled guilty to driving under the influence (DUI). The Sarpy County Court enhanced the offense, using two earlier DUI convictions under the Omaha Municipal Code. Vasquez objected to using the prior convictions for enhancement, citing *State v. Loyd*, 265 Neb. 232, 655 N.W.2d 703 (2003). The county court rejected this argument, recognized the convictions, found this offense to be her third offense, and sentenced Vasquez to probation with 90 days in jail as a condition.

Vasquez appealed the county court's decision to the Sarpy County District Court, disputing the enhancement and alleging

an excessive sentence. The district court affirmed the county court's enhancement decision, but altered the conditions of confinement from 90 days in jail to 10 days with credit for 3 days served. The State then took exception to the district court's decision, initiating proceedings under Neb. Rev. Stat. § 29-2315.01 (Cum. Supp. 2004), which allows the State to take exception to trial court decisions. Vasquez then cross-appealed the district court's enhancement decision.

We find that the probationary condition of 90 days in jail was within the statutory guidelines and that the county court did not abuse its discretion when issuing the sentence. Thus, the district court erred by modifying the sentence. We sustain the State's exception and dismiss Vasquez' cross-appeal as improper for the reasons stated below.

## BACKGROUND

On July 15, 2002, Sarpy County officers stopped Vasquez. After administering field sobriety tests, officers arrested Vasquez and took her to the Sarpy County Law Enforcement Center, where they administered an Intoxilyzer test. The test results showed Vasquez had a .116 blood alcohol content.

In January 2005, Vasquez pled guilty to DUI. Before doing so, the county court informed her that if placed on probation for a third-offense DUI conviction, her driver's license would be impounded for at least 1 year, any vehicle in which she had an ownership interest would be immobilized, and she would receive a "$600 fine, *10 days in jail*, or 480 hours of community service." (Emphasis supplied.) The State offered copies of two prior convictions under the Omaha Municipal Code to enhance the penalties. The first conviction occurred in February 1997, and the second in June 2000. Vasquez opposed using those convictions for enhancement, arguing that the Omaha Municipal Code's penalty provisions did not conform to the State DUI provisions under *State v. Loyd, supra*. Nonetheless, the county court recognized the convictions, finding this offense to be her third offense, and sentenced Vasquez to probation with 90 days in jail as a condition.

Vasquez appealed the county court's decision to the Sarpy County District Court, disputing the court's enhancement and alleging an excessive sentence. The district court affirmed the

county court's enhancement decision, finding that Vasquez attempted to collaterally attack the prior convictions, but altered the probationary conditions from 90 days in jail to 10 days with credit for 3 days served. In doing so, the district court stated that the sentence was "within the statutory authority," but did not explicitly find that the county court abused its discretion when issuing the sentence. Instead, the district court referred to the county court's reasoning that Vasquez could serve the 90 days during her summer break from school and then stated:

> The problem now is that if the jail sentence is affirmed the Defendant will miss her opportunity to better herself. The Court finds that with the long period of probation the Defendant could serve a lot more jail time if she violates her probation.
>
> The minimum time under statute is 10 days.
>
> The Court finds that the Probation Order should be affirmed except the jail time should be 10 days with credit for 3 days served.
>
> Upon reviewing the record on appeal from the Sarpy County Court, the presentence investigation and after the presentation of arguments, the Court, being fully advised in the premises, finds the conviction and sentence should be affirmed except that portion that provides for a 90 day jail sentence and only a 10 day jail sentence with credit for 3 days spent is affirmed.

The State took exception to the district court's decision under § 29-2315.01. Vasquez then cross-appealed the district court's enhancement decision.

## ASSIGNMENTS OF ERROR

The State assigns, rephrased, that the district court erred by modifying the county court's sentence because it failed to find an abuse of discretion. On cross-appeal, Vasquez argues the district court erred by finding that her two prior convictions under the Omaha Municipal Code were valid prior convictions for enhancement purposes.

## STANDARD OF REVIEW

■ The meaning of a statute is a question of law. *Lamar Co. v. Omaha Zoning Bd. of Appeals, ante* p. 473, 713 N.W.2d 406

(2006). When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusion reached by the trial court. *Id.*

## ANALYSIS

The State took exception to the district court's order, which modified Vasquez' probationary condition of 90 days in jail to 10 days in jail with credit for 3 days served. Vasquez then cross-appealed, arguing that both lower courts erred by using her DUI convictions under the Omaha Municipal Code to enhance her current offense.

### STATE'S EXCEPTION

■ Absent specific statutory authorization, the State, as a general rule, has no right to appeal an adverse ruling in a criminal case. *In re Interest of Sean H., ante* p. 395, 711 N.W.2d 879 (2006). Here, the State appealed the district court's decision under § 29-2315.01, which provides such an exception. Under § 29-2315.01, prosecuting attorneys "may take exception to any ruling or decision of the court made during the prosecution of a cause by presenting to the trial court the application for leave to docket an appeal" and strictly following the procedures provided in the statute. See, *In re Interest of Sean H., supra*; *State v. Johnson*, 259 Neb. 942, 613 N.W.2d 459 (2000). The review is to provide an authoritative exposition of the law to serve as precedent in future cases. See *State v. Contreras*, 268 Neb. 797, 688 N.W.2d 580 (2004).

■ The State argues that the district court erred by altering Vasquez' sentence, because as an appellate court, its review was limited to errors appearing on the record or an abuse of discretion. When a trial court's sentence is within the statutory guidelines, the sentence will only be disturbed by an appellate court when an abuse of discretion is shown. See *State v. Segura*, 265 Neb. 903, 660 N.W.2d 512 (2003).

Vasquez contends that the probation provisions of Neb. Rev. Stat. § 60-6,197.03(3) (Reissue 2004) mandate that Vasquez be given 10 days in jail and that thus, the county court's 90-day jail condition fell outside the statutory guidelines. At the time of the offense, § 6,197.03(3) was codified as Neb. Rev. Stat.

§ 60-6,196(c) (Cum. Supp. 2002). The relevant portions of § 60-6,196(c) provided:

> (c) If such person has had two convictions in the twelve years prior to the date of the current conviction . . . such person shall be guilty of a Class W misdemeanor . . . .
>
> *If the court places such person on probation or supends the sentence for any reason*, the court shall, as one of the conditions of probation or sentence suspension, order such person not to drive any motor vehicle in the State of Nebraska for any purpose for a period of one year and shall order that the operator's license of such person be suspended for a like period unless otherwise authorized by an order issued pursuant to section 60-6,211.05 and shall issue an order pursuant to 60-6,197.01 with respect to all motor vehicles owned by such person, and *such order of probation shall also include, as conditions, the payment of six-hundred-dollar fine and either confinement in the city or county jail for ten days or the imposition of not less than four hundred eighty hours of community service*[.]

(Emphasis supplied.) When read alone, Vasquez' argument appears persuasive. The probation provisions of § 60-6,196(c) seem to require either 10 days in jail or at least 480 hours of community service.

However, § 60-6,196(c) clashes with Neb. Rev. Stat. § 29-2262(2)(b) (Cum. Supp. 2002). Section 29-2262 provides in relevant part:

> (2) The court may, as a condition of a sentence of probation, require the offender:
>
> . . . .
>
> (b) To be confined periodically in the county jail or to return to custody after specified hours but not to exceed (i) *for misdemeanors, the lesser of ninety days or the maximum jail term provided by law for the offense* . . . .

(Emphasis supplied.)

The State argues that the language of § 60-6,196(c) establishes a mandatory minimum probationary condition of 10 days in jail and that § 29-2262(2)(b) establishes 90 days as the maximum jail time permissible as a probationary condition. Because statutes relating to the same subject matter are construed

so as to maintain a sensible and consistent scheme, giving effect to every provision, we read § 60-6,196(c) in tandem with § 29-2262(2)(b). See *Curran v. Buser, ante* p. 332, 711 N.W.2d 562 (2006).

But because § 29-2262(2)(b)(i) states that confinement in jail for misdemeanors cannot exceed *"the lesser of ninety days or the maximum jail term provided by law for the offense,"* (emphasis supplied), we must determine the maximum term provided for the offense. Under Neb. Rev. Stat. § 28-106 (Cum. Supp. 1998), the maximum jail time provided for a third-offense DUI conviction is 1 year. Because 90 days in jail is the lesser of the two, the maximum probationary condition allowed under § 29-2262(2)(b)(i) is 90 days.

Further, the legislative history for § 60-6,196(c) supports this reading. The Legislature adopted the 10-day jail condition through 1999 Neb. Laws, L.B. 585, so the State could secure federal highway funds. The legislative history clearly refers to the 10-day condition as a floor and not a ceiling. See, Introducer's Statement of Intent, L.B. 585, 96th Leg., 1st Sess. (Feb. 8, 1999); Bill Summary, Transportation Committee, 96th Leg., 1st Sess. 1-2 (Feb. 8, 1999); Committee Statement, 96th Leg., 1st Sess. 2 (Feb. 8, 1999). Both the bill summary and committee statement explicitly state that for third-offense DUI convictions: "If the offender is given probation, the *mandatory minimum jail sentence is increased to ten days*, a new provision allowing a minimum of 480 hours of community service is added, and the court is given permissive authority to impound the motor vehicles owned by the offender."

■ When construing a statute, we must look at the statutory objective to be accomplished, the problem to be remedied, or the purpose to be served, and then place on the statute a reasonable construction which best achieves the purpose of the statute, rather than a construction defeating the statutory purpose. See *Soto v. State*, 269 Neb. 337, 693 N.W.2d 491 (2005).

■ Thus, we read §§ 60-6,196(c), 29-2262(2)(b), and 28-106 together and conclude that those who receive jail time as a condition of their probation for a third-offense DUI conviction must receive at least 10 days in jail, but no more than 90 days. Having established that the county court's sentence was within

the statutory guidelines, we must consider whether an abuse of discretion existed.

The State argues that the district court failed to explicitly find that the county court abused its discretion when sentencing Vasquez to 90 days in jail and that the district court's analysis demonstrates that it reviewed the sentence de novo. By contrast, Vasquez argues that the district court's ruling and rationale implicitly demonstrate a finding that the county court abused its discretion.

It is clear that the district court did not modify the county court's sentence because it believed the sentence was outside the statutory guidelines. In its order, the district court stated "the sentence is within the statutory authority" and "[t]he minimum time under statute is 10 days." Therefore, unless sentencing de novo, the district court must have believed the county court abused its discretion when imposing the sentence.

When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime. See *State v. Van*, 268 Neb. 814, 688 N.W.2d 600 (2004). When a sentence imposed within statutory limits is alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering and applying these factors as well as any applicable legal principles in determining the sentence to be imposed. See *id*. Neither the district court's order nor the record presented demonstrate sufficient grounds to justify a finding that the county court abused its discretion.

Vasquez also notes that the county court advised her that 10 days was the maximum possible jail sentence and argues the district court's sentence modification merely corrected that error. Vasquez, however, misunderstands the significance of this error. Failing to properly inform a defendant of the penalty range of the crime for which he or she is charged does not justify modifying the sentence; instead, the failure *may* supply grounds to invalidate the guilty plea if the defendant was truly unaware of

the possible penalty when entering his or her plea. See *State v. Jackson*, 220 Neb. 656, 371 N.W.2d 679 (1985). But Vasquez does not ask this court to vacate her guilty plea, and an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court. See *White v. White, ante* p. 43, 709 N.W.2d 325 (2006). Thus, we need not address this issue further.

 For the reasons above, we find merit in the State's exception to the district court's ruling. Disposition of the case is therefore governed by Neb. Rev. Stat. § 29-2316 (Cum. Supp. 2004). It provides:

> The judgment of the court in any action taken pursuant to section 29-2315.01 shall not be reversed nor in any manner affected when the defendant in the trial court has been placed legally in jeopardy, but in such cases the decision of the appellate court shall determine the law to govern in any similar case which may be pending at the time the decision is rendered or which may thereafter arise in the state. When the decision of the appellate court establishes that the final order of the trial court was erroneous and the defendant had not been placed legally in jeopardy prior to the entry of such erroneous order, the trial court may upon application of the prosecuting attorney issue its warrant for the rearrest of the defendant and the cause against him or her shall thereupon proceed in accordance with the law as determined by the decision of the appellate court.

The application of § 29-2316 turns on whether the defendant has been placed in jeopardy by the trial court, not by whether the Double Jeopardy Clause bars further action. Compare *State v. Furrey*, 270 Neb. 965, 708 N.W.2d 654 (2006) (noting that constitutional Double Jeopardy Clause bars retrial in criminal prosecution only where (1) jeopardy has attached in prior criminal proceeding, (2) defendant is being retried for same offense prosecuted in that prior proceeding, and (3) prior proceeding has terminated jeopardy), with § 29-2316 (requiring only that defendant be placed in jeopardy). See, also, *State v. Contreras*, 268 Neb. 797, 688 N.W.2d 580 (2004), and *State v. Falcon*, 260 Neb. 119, 615 N.W.2d 436 (2000) (asking only whether jeopardy attached). Thus, even though modifying a sentence on review

does not violate double jeopardy, under § 29-2316, that is not the inquiry. See *Monge v. California*, 524 U.S. 721, 118 S. Ct. 2246, 141 L. Ed. 2d 615 (1998) (stating that guarantee against double jeopardy neither prevents prosecution from seeking review of sentence nor restricts length of sentence imposed upon retrial after defendant's successful appeal in noncapital cases). Instead, we look to whether jeopardy attached.

Jeopardy attaches (1) in a case tried to a jury, when the jury is impaneled and sworn; (2) when a judge, hearing a case without a jury, begins to hear evidence as to the guilt of the defendant; or (3) at the time the trial court accepts the defendant's guilty plea. See, *State v. Marshall*, 269 Neb. 56, 690 N.W.2d 593 (2005); *State v. Thomas*, 262 Neb. 138, 629 N.W.2d 503 (2001). In this case, jeopardy attached when the county court accepted Vasquez' guilty plea. Thus, under § 29-2316, the district court's judgment cannot be reversed or affected in any way. This is true even though the district court erred by modifying the county court's sentence. Although this court could modify the district court's sentence if this appeal had been brought under Neb. Rev. Stat. § 29-2320 (Cum. Supp. 2004), the Legislature specifically limited this court's authority to do so under § 29-2316.

Yet, we note that the State did not and could not bring these proceedings under § 29-2320. Under § 29-2320, a prosecuting attorney may appeal sentences imposed in *felony* cases when he or she reasonably believes the sentence is excessively lenient. Under Neb. Rev. Stat. § 29-2323 (Reissue 1995), this court may set aside an excessively lenient sentence and either impose a greater sentence or remand the cause.

However, under § 29-2316, we have no such power. As previously stated, absent specific statutory authorization, the State, as a general rule, has no right to appeal an adverse ruling in a criminal case. *In re Interest of Sean H., ante* p. 395, 711 N.W.2d 879 (2006). In this context, the Legislature provided two avenues for such reviews: exception proceedings and excessively lenient sentence appeals. As stated above, this court's authority to affect a judgment prompting exception proceedings is limited when jeopardy has attached. Further, the Legislature specifically chose to exempt misdemeanor sentences from excessive leniency review. It is not within the province of the courts

to read a meaning into a statute that is not there or to read anything direct and plain out of a statute. *K N Energy v. Village of Ansley*, 266 Neb. 164, 663 N.W.2d 119 (2003). Accordingly, we are powerless to affect the district court's erroneous sentence modification.

To summarize, because jeopardy attached when the county court accepted Vasquez' guilty plea, our decision does not affect her but determines the law in any similar cases now pending or that may subsequently arise.

### VASQUEZ' CROSS-APPEAL

We next consider Vasquez' cross-appeal. Vasquez contends jurisdiction exists because the State timely filed notice of appeal and because she properly asserted her cross-appeal under Neb. Ct. R. of Prac. 9D(4) (rev. 2001). Neb. Ct. R. of Prac. 1(E) (rev. 2000) governs cross-appeals, stating that "[t]he proper filing of an appeal shall vest in an appellee the right to a cross-appeal against any other party to the appeal. The cross-appeal need only be asserted in the appellee's brief as provided by Rule 9D(4)." Further, rule 9D(4) provides:

> Where the brief of appellee presents a cross-appeal, it shall be noted on the cover of the brief and it shall be set forth in a separate division of the brief. This division shall be headed "Brief on Cross-Appeal" and shall be prepared in the same manner and under the same rules as the brief of appellant.

But as a general rule, the right to appeal in a criminal case can only be exercised by the party to whom it is given, and only a person aggrieved by a judgment may appeal from it. See *State v. Sports Couriers, Inc.*, 210 Neb. 168, 313 N.W.2d 447 (1981).

The State initiated this appellate proceeding by filing an exception to the district court's sentence modification; Vasquez then asserted a cross-appeal, arguing that the court could not enhance her sentence using her prior convictions. Neb. Rev. Stat. § 25-1912 (Cum. Supp. 2004) requires an appellant to file a notice of appeal within 30 days after the court renders the judgment appealed from. Vasquez filed no such notice and did nothing to pursue this issue until the State filed its exception proceeding. While Vasquez generally complied with this court's rules for cross-appeals, we cannot allow criminal defendants to

circumvent the Legislature's appellate procedures in this way. We conclude that a criminal defendant cannot assert a cross-appeal in an exception proceeding.

## CONCLUSION

For the reasons stated above, we sustain the State's exception and dismiss Vasquez' cross-appeal.

EXCEPTION SUSTAINED, AND
CROSS-APPEAL DISMISSED.