767 N.W.2d 507 (2009)
278 Neb. 109
STATE of Nebraska, appellant,
v.
William J. STAFFORD, appellee.
No. S-08-881.
Supreme Court of Nebraska.
July 10, 2009.
*509 Jennifer A. Miralles, Deputy Sarpy County Attorney, and Jonathan E. Roundy, Senior Certified Law Student, for appellant.
Patrick J. Boylan, Chief Deputy Sarpy County Public Defender, and Scott B. Blaha, Senior Certified Law Student, for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
PER CURIAM.
This is an appeal brought by the State from William J. Stafford's conviction for driving under the influence of alcohol (DUI), third offense. The question presented by the State is whether the trial court imposed an excessively lenient sentence as a result of the court's determination that evidence of a prior DUI conviction was inadmissible for sentence enhancement purposes. The first issue we must decide, however, is whether the State followed the correct procedure in seeking appellate review of the issue it is attempting to raise.

BACKGROUND
Stafford was charged by information with one count of theft and one count of DUI. The theft charge is not directly at issue in this appeal. Stafford pled guilty and was convicted on each charge. The State offered evidence of three prior DUI convictions. Evidence of two of the convictions was received without objection, and those convictions are not at issue here.
Nor did Stafford object to exhibit 3, the contested evidence in this appeal. But the district court asked Stafford's counsel if he had any argument as to whether exhibit 3 was a valid DUI conviction. The problem, as observed by the State, was that on the critical page of the exhibit, the sentencing court had checked the box indicating that Stafford had entered a plea, but failed to check any of the boxes that would have indicated whether Stafford pled guilty, not guilty, or no contest. Below that, the sentencing court checked the box indicating that Stafford had been found guilty of DUI.
The district court concluded it was unable to find that Stafford had pled guilty to the DUI charge. Therefore, the court found that exhibit 3 was not a valid prior conviction for DUI and sentenced Stafford for third-offense DUI. The court specifically found:
Exhibit 1 was a valid prior conviction for... Stafford, for driving under the influence of alcohol or drugs from 2002; Exhibit 4 is a valid prior conviction from 2003; and, therefore, he has two valid prior convictions for driving under the influence of alcohol or drugs. Therefore, the present offense is a 3rd offense DUI, a Class W Misdemeanor, and that finding is made on the record.

(Emphasis supplied.) Stafford was sentenced to 180 days' imprisonment, to be served consecutively to the sentence for his theft conviction. His operator's license was revoked for a period of 15 years. The State filed a notice of appeal.

*510 ASSIGNMENT OF ERROR
The State assigns that the district court erred when it determined that exhibit 3, a certified copy of Stafford's DUI conviction from Douglas County, was not valid for enhancement purposes because it lacked a clarifying checkmark.

STANDARD OF REVIEW
[1] A jurisdictional question that does not involve a factual dispute is a matter of law that requires an appellate court to reach an independent conclusion irrespective of the determination made by the court below.[1]

ANALYSIS
[2-4] We turn first to a question of jurisdiction. Absent specific statutory authorization, the State, as a general rule, has no right to appeal an adverse ruling in a criminal case.[2] Certain exceptions from this general rule are permitted by statute, but because such statutes are penal statutes, they are to be strictly construed against the government.[3] In this case, the State did not pursue an error proceeding, pursuant to Neb.Rev.Stat. § 29-2315.01 (Reissue 2008). Instead, the State appealed pursuant to Neb.Rev.Stat. § 29-2320 (Reissue 2008), claiming that the sentence imposed was excessively lenient. We note that although § 29-2320 was recently amended,[4] that amendment is not relevant to this case, and for ease of reference, we cite to the codified version of the statute that was in effect when this appeal was taken.
[5,6] Section 29-2320 provides that
[w]henever a defendant is found guilty of a felony following a trial or the entry of a plea of guilty or tendering a plea of nolo contendere, the prosecuting attorney charged with the prosecution of such defendant may appeal the sentence imposed if such attorney reasonably believes, based on all of the facts and circumstances of the particular case, that the sentence is excessively lenient.
Under § 29-2320, a prosecuting attorney may appeal sentences imposed in felony cases when he or she reasonably believes the sentence is excessively lenient.[5] The Legislature has specifically chosen to exempt misdemeanor sentences from excessive leniency review.[6] And in this case, Stafford was specifically convicted and sentenced for third-offense DUI, a Class W misdemeanor.[7] Thus, as State v. Vasquez[8] explains, the sentence imposed cannot be reviewed for excessive leniency.
[7] The State makes two arguments in response. First, the State contends that "because the conviction for DUI should have been determined to be a felony, it is appealable as a felony until the ultimate issue is decided."[9] But this argument is inconsistent with the plain language of § 29-2320, which permits a prosecuting attorney to appeal only when "a defendant is found guilty of a felony." It is not *511 within the province of the courts to read a meaning into a statute that is not there or to read anything direct and plain out of a statute.[10] Accordingly, as we concluded in Vasquez, we are without power to affect Stafford's misdemeanor sentence.[11]
The State also argues that we have jurisdiction because Stafford was, in the same proceeding, convicted and sentenced for theft by receiving property valued between $500 and $1,500, a Class IV felony.[12] The State contends that it "obtained jurisdiction to have the entire sentence reviewed when it exercised its right to appeal the one felony sentence under Neb. Rev.Stat. § 29-2320 because Nebraska courts consider the full sentence stemming from a multi-count prosecution."[13]
But there are two problems with this argument. The first is that the State's brief does not take issue with the sentence imposed on Stafford for theft. Section 29-2320 provides that when a defendant is found guilty of a felony, the prosecuting attorney may "appeal the sentence imposed" if he or she believes it to be excessively lenient. It would defy our basic principles of statutory construction to conclude that the "sentence imposed" refers to anything other than the sentence imposed for the defendant's felony conviction. Instead, as we stated in Vasquez, our principles of statutory construction compel the conclusion that the Legislature "chose to exempt misdemeanor sentences from excessive leniency review."[14]
Beyond that, even if we assume that there is some weight to the State's claim that the sentences imposed for misdemeanors and felonies in a multiple-count proceeding can be considered together for excessive leniency reviewa matter we do not decidesuch a principle is not implicated here. As previously noted, the State has taken no issue with the sentence for theft. Nor has the State complained about the cumulative effect of the sentences imposed. Instead, the State's entire argument is focused on the enhancement proceeding and exhibit 3. Even if we were to consider the DUI sentence as part of an excessively lenient "package" of sentences, our authority under § 29-2320 is limited to reviewing a sentence imposed for a felony conviction.[15] In this case, that would be Stafford's conviction for theft, which the State has not asked us to review.
In short, under § 29-2320, an appellate court lacks the authority to review a sentence imposed for a misdemeanor conviction. Therefore, we lack the authority to grant the only relief requested by the State in this appeal, and the appeal must be dismissed.

CONCLUSION
The only issue raised by the State in this appeal is whether Stafford's conviction for third-offense DUI, a Class W misdemeanor, was excessively lenient. Under § 29-2320, we lack authority to review a misdemeanor sentence for excessive leniency. Therefore, this appeal is dismissed.
APPEAL DISMISSED.
GERRARD, J., concurring.
I agree with the court's conclusion that under Neb.Rev.Stat. § 29-2320 (Reissue *512 2008), the State cannot appeal an excessively lenient sentence imposed for a misdemeanor conviction. I write separately to point out that the unpalatable result in this case is a collateral result of the court's decision in State v. Hense.[1]
Obviously, the State could have brought an error proceeding in this case, pursuant to Neb.Rev.Stat. § 29-2315.01 (Reissue 2008). But under this court's decisions in Hense and State v. Head,[2] the defendant could not have been resentenced, even if the district court's refusal to enhance the defendant's sentence was incorrect. The State, quite reasonably, wanted Stafford resentenced for what it believes to be the correct offense. And there is a reasonable interpretation of Neb.Rev.Stat. § 29-2316 (Reissue 2008) under which this court could, consistent with principles of double jeopardy, order the defendant to be resentenced if the district court had erred.[3] But under our current interpretation of § 29-2316, the State had no other option but to try § 29-2320.
I certainly understand the State's dilemma in this case. But this court's holding in Hense should not be compounded by another error in disregarding the plain language of § 29-2320. Because § 29-2320 does not permit the State to appeal under these circumstances, I concur in the court's opinion.
HEAVICAN, C.J., and STEPHAN, J., join in this concurrence.
NOTES
[1] State v. Caniglia, 272 Neb. 662, 724 N.W.2d 316 (2006).
[2] State v. Hense, 276 Neb. 313, 753 N.W.2d 832 (2008).
[3] Id.
[4] See L.B. 63, 101st Leg., 1st Sess.
[5] See State v. Vasquez, 271 Neb. 906, 716 N.W.2d 443 (2006).
[6] See id.
[7] See Neb.Rev.Stat. §§ 28-106 (Reissue 2008) and 60-6,197.03(4) (Supp. 2007).
[8] Vasquez, supra note 5.
[9] Reply brief for appellant at 2 (emphasis supplied).
[10] Vasquez, supra note 5.
[11] Id.
[12] See Neb.Rev.Stat. §§ 28-517 and § 28-518(2) (Reissue 2008).
[13] Reply brief for appellant at 2-3.
[14] Vasquez, supra note 5, 271 Neb. at 915, 716 N.W.2d at 452.
[15] See Neb.Rev.Stat. § 29-2323 (Reissue 2008).
[1] State v. Hense, 276 Neb. 313, 753 N.W.2d 832 (2008).
[2] State v. Head, 276 Neb. 354, 754 N.W.2d 612 (2008).
[3] See Hense, supra note 1 (Gerrard, J., concurring in part, and in part dissenting; Heavican, C.J., and Stephan, J., join). See, also, State v. Neiss, 260 Neb. 691, 619 N.W.2d 222 (2000).