772 N.W.2d 574 (2009)
278 Neb. 591
STATE of Nebraska, appellee,
v.
Mauro YOS-CHIGUIL, appellant.
No. S-08-1329.
Supreme Court of Nebraska.
October 2, 2009.
*576 Mauro Yos-Chiguil, pro se.
Jon Bruning, Attorney General, and Stacy M. Foust for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
STEPHAN, J.
Mauro Yos-Chiguil sought to vacate his conviction for attempted second degree murder on the ground that the district court for Buffalo County failed to fully advise him of the immigration consequences of conviction prior to accepting his plea of no contest.[1] The district court denied the relief requested, and Yos-Chiguil appealed. We affirm the order of the district court.

BACKGROUND
Pursuant to a plea agreement, on March 12, 2008, Yos-Chiguil entered no contest pleas to one count of attempted second degree murder and one count of second degree assault. Before he did so, the court advised him of various consequences of his pleas, including the following: "If you are not a citizen of the United States, and if you are convicted of a crime, that conviction could adversely affect your ability to remain or work in this country." Yos-Chiguil stated through an interpreter that he understood this advisement. In exchange for his pleas, the State dismissed two counts of use of a deadly weapon to commit a felony, each Class III felonies, and agreed to recommend concurrent sentences. The factual basis for Yos-Chiguil's pleas was that on November 30, *577 2007, he stabbed his girlfriend and her minor sister during a domestic dispute.
At the sentencing hearing on May 1, 2008, defense counsel admitted that Yos-Chiguil was in the country illegally. Counsel did not take issue with the advisement given to Yos-Chiguil prior to the acceptance of his pleas. The district court imposed concurrent sentences of 18 to 28 years' imprisonment on the count of attempted second degree murder, with credit for time served, and from 2 to 5 years' imprisonment on the count of second degree assault. Yos-Chiguil filed a direct appeal, case No. A-08-697, which was dismissed by the Nebraska Court of Appeals on July 15. On August 27, the district court entered judgment on the mandate.
On December 1, 2008, Yos-Chiguil filed a motion seeking to withdraw his plea of no contest to the count of attempted second degree murder on the ground that he was not properly advised of the immigration consequences of his no contest plea as required by § 29-1819.02(1). The district court denied the motion without conducting an evidentiary hearing, and Yos-Chiguil then perfected this appeal. We moved the appeal to our docket pursuant to our statutory authority to regulate the caseloads of the appellate courts of this state.[2] The appeal was submitted without oral argument.[3]

ASSIGNMENT OF ERROR
Yos-Chiguil assigns that the district court erred in denying his motion to withdraw his plea because the court failed to comply with the "immigration consequences" warning provision of § 29-1819.02 prior to entry of his plea.

STANDARD OF REVIEW
A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.[4]
To the extent an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent conclusion irrespective of the determination made by the court below.[5]

ANALYSIS
In State v. Zarate,[6] we held that because the possibility of deportation was a collateral consequence of a guilty plea, the fact that defense counsel did not inform a defendant of the possibility of deportation did not render a guilty plea involuntary or unintelligent for constitutional purposes. We noted, however, that our decision was likely one of last impression due to the fact that in 2002, well after the acceptance of the plea at issue in Zarate, the Nebraska Legislature had enacted a law requiring trial courts, prior to accepting a guilty or nolo contendere plea, to advise criminal defendants of certain immigration consequences of such plea.
Yos-Chiguil seeks to set aside his plea-based conviction under the statute enacted in 2002, which currently provides:
Prior to acceptance of a plea of guilty or nolo contendere to any offense punishable as a crime under state law, except *578 offenses designated as infractions under state law, the court shall administer the following advisement on the record to the defendant:
IF YOU ARE NOT A UNITED STATES CITIZEN, YOU ARE HEREBY ADVISED THAT CONVICTION OF THE OFFENSE FOR WHICH YOU HAVE BEEN CHARGED MAY HAVE THE CONSEQUENCES OF REMOVAL FROM THE UNITED STATES, OR DENIAL OF NATURALIZATION PURSUANT TO THE LAWS OF THE UNITED STATES.[7]
Yos-Chiguil alleges that the advisement given to him by the district court did not "strictly or substantially" comply with this statutory directive.

SUBJECT MATTER JURISDICTION
Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.[8] If the court from which an appeal was taken lacked jurisdiction, the appellate court acquires no jurisdiction.[9] The State argues that neither the district court nor this court have subject matter jurisdiction, because we held in State v. Rodriguez-Torres[10] that § 29-1819.02 does not provide a procedure for setting aside a plea after a conviction based upon such plea has become final.
The State's argument both overstates our holding in Rodriguez-Torres and overlooks a critical difference between it and this case. In Rodriguez-Torres, the plea-based conviction which the defendant sought to vacate was entered in 1997, long before the enactment of § 29-1819.02.[11] The sole basis alleged by the defendant for withdrawal of the plea was § 29-1819.02(3), which provides:
With respect to pleas accepted prior to July 20, 2002, it is not the intent of the Legislature that a court's failure to provide the advisement required by subsection (1) of this section should require the vacation of judgment and withdrawal of the plea or constitute grounds for finding a prior conviction invalid. Nothing in this section, however, shall be deemed to inhibit a court, in the sound exercise of its discretion, from vacating a judgment and permitting a defendant to withdraw a plea.
We held in Rodriguez-Torres that this language did not create a statutory procedure pursuant to which a plea entered before July 20, 2002, could be withdrawn after the person convicted of the crime had already served his sentence. Because the issue was not presented to us, we did not address whether a common-law remedy existed for withdrawal of the plea in that circumstance.
The plea in the instant case was entered in 2008 and was therefore subject to § 29-1819.02(2), which provides in relevant part:
If, on or after July 20, 2002, the court fails to advise the defendant as required by this section and the defendant shows that conviction of the offense to which the defendant pleaded guilty or nolo contendere may have the consequences for the defendant of removal from the United States, or denial of naturalization pursuant to the laws of the United *579 States, the court, on the defendant's motion, shall vacate the judgment and permit the defendant to withdraw the plea of guilty or nolo contendere and enter a plea of not guilty.
In a criminal case, the judgment is the sentence.[12] As a general rule, a defendant seeking to withdraw a plea of guilty or no contest after he or she has been sentenced bears the burden of showing by clear and convincing evidence that such withdrawal is necessary to correct a manifest injustice.[13] But as to such pleas entered after July 20, 2002, § 29-1819.02(2) establishes a statutory procedure whereby a convicted person may file a motion to have the criminal judgment vacated and the plea withdrawn when the advisement required by § 29-1819.02(1) was not given and the conviction "may have the consequences for the defendant of removal from the United States, or denial of naturalization pursuant to the laws of the United States."
The State argues that this procedure is not available to Yos-Chiguil, because his judgment became final when his direct appeal was dismissed in July 2008, prior to the filing of his motion to vacate the judgment. In effect, the State contends that the procedure conferred by § 29-1819.02(2) may be utilized only on direct appeal. But there is no language in the statute which would support such a limited construction, and indeed, the language permitting the procedure to be initiated by motion would suggest otherwise. Moreover, a defendant who does not receive the statutorily required advisement of the immigration consequences of a plea-based conviction may not be aware of those consequences until after the conviction becomes final and the consequences materialize. As more fully set forth below, it is the failure to give the required advisement and the occurrence of an immigration consequence of which the defendant was not advised which triggers the statutory remedy in § 29-1819.02(2).
In this case, Yos-Chiguil was serving his sentence at the time he filed his motion to withdraw his plea pursuant to § 29-1819.02(2). We therefore need not decide whether the remedy created by that subsection would extend to a defendant who had completed his or her sentence. On the record before us, we conclude that the district court had jurisdiction to consider Yos-Chiguil's motion to vacate his conviction, and this court has appellate jurisdiction to determine whether the district court erred in overruling the motion.

MERITS
Section 29-1819.02(1) requires that before accepting a guilty or nolo contendere plea, a trial court must advise the defendant of two potential immigration consequences: "REMOVAL FROM THE UNITED STATES" and "DENIAL OF NATURALIZATION PURSUANT TO THE LAWS OF THE UNITED STATES." In his motion, Yos-Chiguil alleged that the district court advised him that conviction could adversely affect his ability to remain or work in the United States, but failed to warn him "of the distinctly different and separate consequence that he would lose benefit of any opportunity to achieve citizenship status by means of America's constitutionally mandated naturalization process." Although Yos-Chiguil pled no contest to two separate counts after being given this advisement, he now seeks to vacate only his conviction for second degree murder. His *580 argument is based solely upon the allegedly incomplete advisement.
But, as noted above, § 29-1819.02(2) requires that in addition to showing that the advisement required by § 29-1819.02(1) was not given or was incomplete, a defendant seeking to vacate a plea-based conviction must also show that such conviction "may have the consequences for the defendant of removal from the United States, or denial of naturalization pursuant to the laws of the United States." The Supreme Judicial Court of Massachusetts has construed similar statutory language to mean that "a defendant must demonstrate more than a hypothetical risk of such a consequence, but that he actually faces the prospect of it occurring."[14] Applying this principle, the court held that a convicted defendant who faced deportation and was warned that deportation was a possible consequence of his guilty plea was not entitled to withdraw the plea on the ground that he was not also given a statutorily required warning that conviction could result in "`exclusion from admission to the United States.'"[15] The court reasoned that although the advisement given by the trial court did not cover all the immigration consequences enumerated in the statute, it would not construe the statute to impose the "extraordinary remedy" of vacating the judgment of conviction "in circumstances where the inadequacy complained of is immaterial to the harm for which the remedy is sought."[16] The court concluded that "[a] defendant who has been warned under the statute of the very consequence with which he must subsequently contend is not entitled to withdraw his plea, even if he was not warned of other enumerated consequences that have not materialized."[17] In a subsequent application of this principle, a Massachusetts appellate court held that a defendant was not entitled to have his plea-based conviction vacated on the ground that he was not given a statutory warning that his guilty plea could result in denial of naturalization, where he made no claim that he faced the prospect of denial of a request for naturalization.[18]
We agree with the reasoning of the Massachusetts courts and hold that failure to give all or part of the advisement required by § 29-1819.02(1) regarding the immigration consequences of a guilty or nolo contendere plea is not alone sufficient to entitle a convicted defendant to have the conviction vacated and the plea withdrawn pursuant to § 29-1819.02(2). The defendant must also allege and show that he or she actually faces an immigration consequence which was not included in the advisement given. In his motion to withdraw his plea, Yos-Chiguil alleged that the advisement given at the time of his plea was incomplete in that it did not include denial of naturalization as a possible consequence of his plea, but he did not allege that he faces the prospect of denial of an application for naturalization based solely upon the conviction which he seeks to vacate. Because Yos-Chiguil did not allege an essential fact necessary to trigger the remedy provided by § 29-1819.02(2), the district court did not err in denying the relief sought without an evidentiary hearing.
*581 Because we dispose of the appeal on this basis, we do not reach the State's arguments that "substantial compliance" with the requirements of § 29-1819.02(1) is sufficient and that the advisement which was given to Yos-Chiguil substantially complied with those requirements.[19]

CONCLUSION
For the reasons discussed, the judgment of the district court is affirmed.
AFFIRMED.
NOTES
[1] See Neb.Rev.Stat. § 29-1819.02 (Reissue 2008).
[2] See Neb.Rev.Stat. § 24-1106(3) (Reissue 2008).
[3] Neb. Ct. R.App. P. § 2-111(E)(5)(a) (rev. 2008).
[4] State v. Hausmann, 277 Neb. 819, 765 N.W.2d 219 (2009).
[5] State v. Rodriguez-Torres, 275 Neb. 363, 746 N.W.2d 686 (2008).
[6] State v. Zarate, 264 Neb. 690, 651 N.W.2d 215 (2002).
[7] § 29-1819.02(1).
[8] State v. Poindexter, 277 Neb. 936, 766 N.W.2d 391 (2009); State v. Rodriguez-Torres, supra note 5.
[9] State v. Sklenar, 269 Neb. 98, 690 N.W.2d 631 (2005).
[10] State v. Rodriguez-Torres, supra note 5.
[11] See 2002 Neb. Laws, L.B. 82, § 13.
[12] State v. Nelson, 276 Neb. 997, 759 N.W.2d 260 (2009).
[13] See State v. Holtan, 216 Neb. 594, 344 N.W.2d 661 (1984).
[14] Com. v. Berthold, 441 Mass. 183, 185, 804 N.E.2d 355, 357 (2004).
[15] Id. at 184, 804 N.E.2d at 357, quoting Mass. Gen. Laws Ann. ch. 278, § 29D (West 1998).
[16] Id. at 186, 804 N.E.2d at 358.
[17] Id.
[18] Com. v. Cartagena, 71 Mass.App. 907, 883 N.E.2d 986 (2008).
[19] Brief for appellee at 10.