State of Nebraska, appellee, v. Hector
Medina-Liborio, appellant.
___ N.W.2d ___

Filed April 5, 2013.    No. S-12-200.

1.  **Statutes: Appeal and Error.** To the extent an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent conclusion irrespective of the determination made by the court below.
2.  **Criminal Law: Pleas: Proof.** To withdraw a plea under Neb. Rev. Stat. § 29-1819.02 (Reissue 2008), all a defendant must show is (1) that the court failed to give all or part of the advisement and (2) that the defendant faces an immigration consequence which was not included in the advisement given.
3.  **Statutes.** Statutory language is to be given its plain and ordinary meaning.
4.  ____. It is not within the province of the courts to read a meaning into a statute that is not there or to read anything direct and plain out of a statute.

Appeal from the District Court for Douglas County: J. Michael Coffey, Judge. Reversed and remanded for further proceedings.

Matthew S. McKeever and Kathleen Koenig Rockey, of Copple, Rockey, McKeever & Schlecht, P.C., L.L.O., for appellant.

Jon Bruning, Attorney General, and James D. Smith for appellee.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

Stephan, J.

In 2002, the Nebraska Legislature enacted a statute which requires judges, prior to accepting a plea of guilty or nolo contendere, to administer a specific advisement regarding possible consequences of the conviction for persons who are not citizens of the United States.[1] The statute further provides that if the advisement is not given and the defendant can subsequently show that he or she may be removed from the United States

---

[1] 2002 Neb. Laws, L.B. 82, § 13, codified at Neb. Rev. Stat. § 29-1819.02 (Reissue 2008).

or denied naturalization as a consequence of the plea-based conviction, the court on the defendant's motion "shall vacate the judgment and permit the defendant to withdraw the plea of guilty or nolo contendere and enter a plea of not guilty."[2] The question presented in this appeal is whether the court may deny a motion to set aside a plea under this statute upon proof by the State that a defendant who was not given the required advisement was nevertheless aware of the immigration consequences of the plea and resulting conviction.

## BACKGROUND

At a hearing on November 22, 2010, Hector Medina-Liborio pled no contest to an amended information charging one count of attempted first degree sexual assault of a child and one count of kidnapping. The court subsequently sentenced him to 20 to 25 years' imprisonment on the attempted sexual assault conviction and to 20 to 25 years' imprisonment on the kidnapping charge, the sentences to run consecutively.

Medina-Liborio filed a timely direct appeal, asserting in part that the district court erred in accepting his pleas without giving him the advisement required by § 29-1819.02. That statute requires:

(1) Prior to acceptance of a plea of guilty or nolo contendere to any offense punishable as a crime under state law, except offenses designated as infractions under state law, the court shall administer the following advisement on the record to the defendant:

IF YOU ARE NOT A UNITED STATES CITIZEN, YOU ARE HEREBY ADVISED THAT CONVICTION OF THE OFFENSE FOR WHICH YOU HAVE BEEN CHARGED MAY HAVE THE CONSEQUENCES OF REMOVAL FROM THE UNITED STATES, OR DENIAL OF NATURALIZATION PURSUANT TO THE LAWS OF THE UNITED STATES.

(2) . . . If, on or after July 20, 2002, the court fails to advise the defendant as required by this section and the

_____

[2] § 29-1819.02(2).

defendant shows that conviction of the offense to which the defendant pleaded guilty or nolo contendere may have the consequences for the defendant of removal from the United States, or denial of naturalization pursuant to the laws of the United States, the court, on the defendant's motion, shall vacate the judgment and permit the defendant to withdraw the plea of guilty or nolo contendere and enter a plea of not guilty. Absent a record that the court provided the advisement required by this section, the defendant shall be presumed not to have received the required advisement.

In a memorandum opinion, the Court of Appeals agreed that the district court failed to give the advisement required by this statute but denied relief, reasoning that Medina-Liborio's remedy was to file a motion to withdraw his pleas.[3] Neither party has challenged that determination.

Medina-Liborio then filed a motion to withdraw his pleas, alleging that the district court failed to give him the advisement required by § 29-1819.02 and that he faces immigration consequences as the result of his no contest plea-based convictions. At an evidentiary hearing on this motion, the district court received the bill of exceptions from the plea hearing and a detainer issued by the U.S. Department of Homeland Security advising the Nebraska Department of Correctional Services that Medina-Liborio had been ordered deported or removed from the United States, and requesting Nebraska officials to notify the Department of Homeland Security at least 30 days prior to his release. The State, over a relevance objection, offered recorded telephone conversations between Medina-Liborio and members of his family. In these conversations, which took place prior to the date Medina-Liborio entered his pleas, he discussed deportation as a consequence of conviction. The State also offered the testimony, over Medina-Liborio's relevance and attorney-client privilege objection, of the attorney who represented him prior to and at the time he entered his pleas. This attorney testified, subject to his own

---

[3] See *State v. Medina-Liborio*, No. A-11-147, 2011 WL 3615572 (Neb. App. Aug. 16, 2011) (selected for posting to court Web site).

assertion of the attorney-client privilege, that he had advised Medina-Liborio that if convicted of the charges, he would be deported.

The district court ultimately denied Medina-Liborio's motion to withdraw his pleas. It reasoned that the plain language of § 29-1819.02 must be read in light of the legislative intent expressed in Neb. Rev. Stat. § 29-1819.03 (Reissue 2008), concluding:

> [Here,] the concerns of the legislature about a Defendant entering a plea without understanding the possible deportation or naturalization consequences [are] met as the State has submitted evidence that [Medina-Liborio] not only knew that he might be deported but that he in fact understood that he would be deported based on the convictions which are the subject matter of the pending motion.

The court further noted that to allow defendants who know the consequences set forth in § 29-1819.02 to withdraw the pleas

> would allow such individuals to "game" the system by hoping that the trial court would not give the admonitions set forth in the statute and then such Defendants could proceed to sentencing and if they felt the sentences were extremely harsh or excessive they could withdraw their pleas, enter pleas of not guilty and start the proceeding all over again contemplating for a different result.

Medina-Liborio filed this timely appeal. We moved the case to our docket on our own motion pursuant to our statutory authority to regulate the caseloads of the appellate courts of this state.[4]

## ASSIGNMENTS OF ERROR

Medina-Liborio assigns, restated and consolidated, that the district court erred in (1) denying his motion to set aside his pleas, (2) admitting irrelevant evidence relating to whether he actually knew the immigration consequences of his pleas prior to entering them, and (3) admitting testimony from his former attorney that was subject to the attorney-client privilege.

---

[4] See Neb. Rev. Stat. § 24-1106(3) (Reissue 2008).

## STANDARD OF REVIEW

[1] Resolution of this appeal will require that we determine the scope and extent of the statutory remedy which Medina-Liborio seeks to employ. To the extent an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent conclusion irrespective of the determination made by the court below.[5]

## ANALYSIS

[2] We have previously held that all a defendant must show to withdraw a plea under § 29-1819.02 is (1) that the court failed to give all or part of the advisement and (2) that the defendant faces an immigration consequence which was not included in the advisement given.[6] Here, it is undisputed that the district court did not give Medina-Liborio any portion of the required statutory advisement prior to accepting his no contest pleas and that he faces the consequence of removal from the United States as a result of his plea-based convictions. Standing alone, these two facts would clearly entitle Medina-Liborio to withdraw his pleas pursuant to § 29-1819.02. But there is a third undisputed historical fact proved by the State, which is that prior to entering his pleas, Medina-Liborio was aware from other sources that conviction could result in his deportation. The issue presented is whether such knowledge constitutes a legal basis for denying the relief which Medina-Liborio seeks.

[3,4] In *State v. Mena-Rivera*,[7] the State argued that a person seeking to withdraw a plea on the ground that he or she was not given the advisement required by § 29-1819.02 is required to show prejudice. We rejected this argument, noting that our case law "has made clear that only two elements must be met before a defendant can withdraw his or her plea [pursuant to § 29-1819.02]; and prejudice is not one of them."[8] We also

---

[5] *State v. Mena-Rivera*, 280 Neb. 948, 791 N.W.2d 613 (2010); *State v. Yos-Chiguil*, 278 Neb. 591, 772 N.W.2d 574 (2009).

[6] *State v. Mena-Rivera, supra* note 5. See *State v. Yos-Chiguil, supra* note 5.

[7] *State v. Mena-Rivera, supra* note 5.

[8] *Id.* at 954, 791 N.W.2d at 619.

held that the advisement required by § 29-1819.02 must be given immediately before the entering of the plea, even if it was also given at an earlier stage of the proceeding. In this case, the State acknowledges that Medina-Liborio was not required to prove that he was prejudiced by the failure of the district court to give the advisement. But it urges us to hold as a matter of first impression that "[i]f the State establishes that a defendant knew that he would be deported by reason of his plea-based conviction and, thus, was not prejudiced by the district court's failure to give the statutory immigration advisory, a defendant should not be allowed to withdraw his plea after judgment."[9] The State's proposed limitation on the statutory mandate requiring a court to permit withdrawal of a plea in the specified circumstances is nowhere to be found in the language of § 29-1819.02. Statutory language is to be given its plain and ordinary meaning.[10] And it is well established that it is not within the province of the courts to read a meaning into a statute that is not there or to read anything direct and plain out of a statute.[11]

But the State contends that the district court correctly reached the construction it seeks by reading § 29-1819.02 in conjunction with § 29-1819.03, in which the Legislature expressed its intent in requiring the advisement. Section 29-1819.03 provides in relevant part:

The Legislature finds and declares that in many instances involving an individual who is not a citizen of the United States and who is charged with an offense punishable as a crime under state law, a plea of guilty or nolo contendere is entered without the defendant knowing that a conviction of such offense is grounds for removal from the United States, or denial of naturalization pursuant to the laws of the United States. Therefor, it is the intent of the Legislature in enacting this section and

---

[9] Brief for appellee at 7.

[10] *State v. Graff*, 282 Neb. 746, 810 N.W.2d 140 (2011); *State v. Halverstadt*, 282 Neb. 736, 809 N.W.2d 480 (2011).

[11] *State v. Alford*, 278 Neb. 818, 774 N.W.2d 394 (2009); *State v. Stafford*, 278 Neb. 109, 767 N.W.2d 507 (2009).

section 29-1819.02 to promote fairness to such accused individuals by requiring in such cases that acceptance of a guilty plea or plea of nolo contendere be preceded by an appropriate warning of the special consequences for such a defendant which may result from the plea.

It is the State's position that because the Legislature intended to protect only those defendants who did not know the immigration consequences of a conviction, the remedy provided by the Legislature in § 29-1819.02 should not be available if the State demonstrates that the defendant in fact knew such consequences.

But § 29-1819.03 does not support the State's argument. The Legislature stated in § 29-1819.03 that in cases "involving an individual who is not a citizen of the United States and who is charged with an offense punishable as a crime under state law," it intended to "promote fairness to *such accused individuals* by requiring in *such cases* that acceptance of a guilty plea or plea of nolo contendere be preceded by an appropriate warning of the special consequences for *such a defendant* which may result from the plea." (Emphasis supplied.) While the reason was that "in many instances" these individuals did not know that "a conviction of such offense" had immigration consequences, the intent was to require the advisement for all "such" individuals, i.e., individuals who are not citizens of the United States. Thus, the State's reliance on § 29-1819.03 as expressing an intent to benefit only those defendants who are not in fact aware of the immigration consequences of their pleas is misplaced. Instead, the statute on its face states that because some noncitizens may not understand immigration consequences, all noncitizens accused of a crime must be given the advisement. And that is entirely consistent with the remedy the Legislature adopted in § 29-1819.02.

Even if § 29-1819.03 expressed an intent to promote fairness to only noncitizens who were not aware of the immigration consequences of conviction, our resolution of this appeal would not change. Simply put, § 29-1819.03 defined the problem perceived by the Legislature, but § 29-1819.02 articulated the remedy which it devised to address the problem. The Legislature could have adopted any number of remedies.

For example, it could have required that each defendant be examined by the district court to determine the extent of his or her understanding of the immigration consequences of a plea-based conviction, and then given an advisement only if such consequences were not completely understood. But it chose a different and arguably simpler and more workable remedy: requiring that each defendant be given the advisement, with a certain consequence for failure to do so, thereby ensuring that all noncitizen defendants understand the consequences of conviction before entering a plea. It is not our function to alter the remedy the Legislature chose by reading language into the statute which the Legislature could have included but did not.

Alternatively, the State cites *State v. Mindrup*[12] in support of its argument that failure to advise a defendant of certain rights may be excused by a showing that the defendant was aware of such rights. In that case, the defendant contended that her plea was not given knowingly, voluntarily, and intelligently, because the county judge failed to engage her in a dialog sufficient to determine whether (1) she knew and understood the constitutional rights which would be waived by the plea and (2) she understood the charges and potential penalties. We concluded that while there may have been some deficiencies in the manner in which the court advised the defendant, the record established she was aware of her rights, the charges against her, and the possible penalties, and that thus there was no prejudice to any of her constitutional rights.

*Mindrup* is distinguishable because it did not involve a statute granting a specific right to an advisement and imposing a specific statutory consequence if the advisement is not given. As noted, when a specific statutory right is at issue, we are bound by the terms of the statute as enacted by the Legislature. We are not free to create a judicial exception to an absolute statutory rule.

Finally, we do not share the district court's concern that applying § 29-1819.02 as it is written will somehow permit defendants to "game the system." The statute makes the trial

---

[12] *State v. Mindrup*, 221 Neb. 773, 380 N.W.2d 637 (1986).

judge responsible for giving the advisement. The prosecutor, in the interest of securing a valid plea-based conviction, also has a role in making certain that the advisement is given. A defendant can game the system only if both the court and the prosecutor fail to ensure that the defendant is afforded his or her statutory rights, i.e., actually given the advisement. If the advisement is given as the law requires, there is no game for a defendant to play.

We conclude that Medina-Liborio established that he was not given the required statutory advisement regarding immigration consequences of conviction and that he actually faces a consequence as a result of his convictions. Under § 29-1819.02, he was entitled to have his judgments of conviction vacated and to withdraw his pleas and enter pleas of not guilty. The district court erred in not granting that relief. Because we reach this conclusion, we need not address Medina-Liborio's other assignments of error.

## CONCLUSION

For the reasons discussed, we reverse, and remand to the district court for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

CASSEL, J., concurring.

If this court were writing on a clean slate, I would agree with the dissenting opinion. But the court has already rejected prejudice as an element of the right to withdraw a plea conferred by Neb. Rev. Stat. § 29-1819.02 (Reissue 2008).[1] Because it is within the power of the Legislature to change the elements of the statutory right and our prior decisions have not provoked a legislative change, I am constrained to follow the court's previous interpretation.

In both *State v. Yos-Chiguil*[2] and *State v. Mena-Rivera*,[3] this court articulated only two elements for withdrawal of a plea

---

[1] See *State v. Mena-Rivera*, 280 Neb. 948, 791 N.W.2d 613 (2010).

[2] *State v. Yos-Chiguil*, 278 Neb. 591, 772 N.W.2d 574 (2009).

[3] *State v. Mena-Rivera, supra* note 1.

under § 29-1819.02. The first element is that the court failed to give all or part of the advisement.[4] The second is that the defendant faces an immigration consequence which was not included in the advisement given.[5]

I agree with the dissent that Nebraska has long adhered to the principle that a conviction will not be set aside in the absence of a showing that a nonevidential error prejudiced the defendant.[6] This principle has been codified for over 90 years.[7]

But in adopting § 29-1819.02, the Legislature provided a specific procedural ground for overturning a conviction, and it did not include prejudice as an element. A rule exists to resolve any perceived conflict between § 29-1819.02 and § 29-2308. To the extent there is a conflict between two statutes, the specific statute controls over the general statute.[8] Because § 29-1819.02 is the specific statute, it would prevail over § 29-2308.

The procedure advocated by the dissent would effectively add the element of prejudice to § 29-1819.02. According to the dissent, it adheres to this court's holdings that the defendant does not need to show prejudice to vacate his or her plea. The dissent instead would allow the State to show a lack of prejudice. This parsing of procedure would not change the result—prejudice would become an element of withdrawing a plea under § 29-1819.02. I agree that it should be an element, but this court has previously held otherwise.

The Legislature could amend the statute, but its inaction thus far suggests acquiescence. In most matters, it is more important that the applicable rule of law be settled than that it be settled right.[9] This is commonly true even where the

---

[4] See *id*.

[5] See *id*.

[6] See, e.g., *State v. Bradley*, 236 Neb. 371, 461 N.W.2d 524 (1990).

[7] See Neb. Rev. Stat. § 29-2308 (Reissue 2008).

[8] *State v. Hernandez*, 283 Neb. 423, 809 N.W.2d 279 (2012).

[9] See *Burnet v. Coronado Oil & Gas Co.*, 285 U.S. 393, 52 S. Ct. 443, 76 L. Ed. 815 (1932) (Brandeis, J., dissenting).

error is a matter of serious concern, provided correction can be had by legislation.[10] By an amendment to § 29-1819.02, the Legislature could require a defendant to prove prejudice or permit the State to prove its absence. But no amendment has been forthcoming. Ordinarily, where a statute has been judicially construed and that construction has not evoked an amendment, it will be presumed that the Legislature has acquiesced in the court's determination of the Legislature's intent.[11] While I agree that prejudice to the defendant should be an element of § 29-1819.02, I adhere to the court's previous decision that it is not. Thus, I join the majority opinion.

---

[10] *Id*.

[11] *State v. Neiss*, 260 Neb. 691, 619 N.W.2d 222 (2000), *abrogated on other grounds, State v. Vasquez*, 271 Neb. 906, 716 N.W.2d 443 (2006).

HEAVICAN, C.J., dissenting.

I respectfully disagree with the decision of the majority reversing the decision of the district court. Specifically, I would conclude that the State's evidence showing Medina-Liborio knew he would be deported upon being convicted was relevant in this case. Ultimately, I would find that Medina-Liborio was not entitled to have his judgments of conviction vacated and to withdraw his pleas and enter pleas of not guilty.

Our case law interpreting Neb. Rev. Stat. § 29-1819.02 (Reissue 2008) has made clear that a defendant needs to establish only two elements in order to withdraw his or her plea pursuant to this statute—and prejudice is not one of them. In *State v. Yos-Chiguil*,[1] we stated that all a defendant must show to withdraw a plea under § 29-1819.02 is that (1) the court failed to give all or part of the advisement and (2) the defendant faces an immigration consequence which was not included in the advisement given. We reasserted this holding in *State v. Mena-Rivera*.[2]

In interpreting a statute essentially identical to § 29-1819.02, the California Supreme Court held that in order to prevail on

---

[1] *State v. Yos-Chiguil*, 278 Neb. 591, 772 N.W.2d 574 (2009).

[2] *State v. Mena-Rivera*, 280 Neb. 948, 791 N.W.2d 613 (2010).

a motion to vacate a plea due to the court's failure to inform a defendant of immigration consequences, a defendant must establish that (1) he or she was not properly advised of the immigration consequences as provided by the statute; (2) there exists, at the time of the motion, more than a remote possibility that the conviction will have one or more of the specified adverse immigration consequences; and (3) he or she was prejudiced by the nonadvisement.[3] Such interpretation adds a third requirement in placing the burden on a defendant to show that he or she was prejudiced by the court's error.

I do not advance here, as did the California Supreme Court, that a defendant must show prejudice in order to vacate his or her plea. However, I find that the California Supreme Court's analysis in coming to this conclusion is applicable to the facts of this case. I agree with the holdings of our court that a defendant does not need to show prejudice to vacate his or her plea. But unlike the majority, I would conclude that under § 29-1819.02, *the State* may show evidence that a defendant was not prejudiced so that a defendant may not withdraw his or her plea, even though his or her burden has been satisfied. I come to this conclusion based upon the reasoning demonstrated by the California Supreme Court.

The California Supreme Court had no issue with requiring a defendant to demonstrate that he or she was prejudiced by incomplete advisements under the statute. This holding was based upon the California Legislature's express intent in enacting the statute and a long-held "legislative command that courts disregard technical errors in procedure unless they impact the substantial rights of defendants."[4] I find this analysis logical.

Our Legislature's enactment of § 29-1819.02 was accompanied by the enactment of Neb. Rev. Stat. § 29-1819.03 (Reissue 2008), similar to the California scheme, which made findings that a defendant's knowledge of the deportation

---

[3] *People v. Superior Court (Zamudio)*, 23 Cal. 4th 183, 999 P.2d 686, 96 Cal. Rptr. 2d 463 (2000).

[4] *Id.* at 199, 999 P.2d at 696, 96 Cal. Rptr. 2d at 474. See Cal. Penal Code § 1404 (West 2011).

consequences of his plea is both relevant and important. Concern over the defendant's actual knowledge was the reason for enacting the statues, as provided by the legislative findings of § 29-1819.03:

> The Legislature finds and declares that in many instances involving an individual who is not a citizen of the United States and who is charged with an offense punishable as a crime under state law, a plea of guilty or nolo contendere is entered *without the defendant knowing that a conviction of such offense is grounds for removal from the United States, or denial of naturalization pursuant to the laws of the United States*. Therefor, it is the intent of the Legislature in enacting this section and section 29-1819.02 to promote fairness to *such accused individuals* by requiring in such cases that acceptance of a guilty plea or plea of nolo contendere be preceded by an appropriate warning of the special consequences for such a defendant which may result from the plea.

(Emphasis supplied.)

As provided, the Legislature's purpose was to ensure that a noncitizen defendant would know of the deportation consequences of his or her plea. Thus, the fact that a defendant actually knew of the deportation consequences related to his or her plea is not irrelevant.

Furthermore, Nebraska law contains a similar statutory command to the one found in California's law—that this court must disregard nonprejudicial errors in procedure in considering overturning a criminal judgment. Neb. Rev. Stat. § 29-2308 (Reissue 2008) provides: "No judgment shall be set aside . . . in any criminal case . . . for error as to any matter of pleading or procedure if the appellate court, after an examination of the entire cause, considers that no substantial miscarriage of justice has actually occurred." Here, no substantial miscarriage of justice occurred, because the defendant actually knew he would be deported if he pled guilty.

In keeping with the intent of these statutory provisions, when a district court commits the error of failing to give the statutory advisement of § 29-1819.02, the State should be able

to present evidence that a defendant was aware of the deportation consequences of his or her plea. If the State can show that a defendant actually knew he or she would be deported by reason of his or her plea and conviction, a defendant should not be allowed to withdraw his or her plea after judgment, because a judgment cannot be set aside in this State when no substantial miscarriage of justice has occurred.

Here, the State presented evidence at the hearing on Medina-Liborio's motion to withdraw pleas establishing that he was aware he would be deported, or subject to deportation, as a result of his no contest pleas. The evidence consisted of recordings of jail telephone calls from November 15 to November 22, 2010, between Medina-Liborio and his wife and Medina-Liborio's father-in-law. Additional evidence consisted of testimony of Medina-Liborio's trial counsel concerning what he informed Medina-Liborio prior to the entry of his pleas. Medina-Liborio's no contest pleas were entered on November 22. Although Medina-Liborio contests the evidence related to his conversations with his attorney, the jail telephone call recordings on their own are sufficient to establish Medina-Liborio knew he would be deported, or subject to deportation, as a result of his no contest pleas.

Because Medina-Liborio knew he would be deported, he was not prejudiced by the district court's failure to give the statutory deportation consequences advisory. Thus, no substantial miscarriage of justice actually occurred in this case and Medina-Liborio's judgments of conviction should not be set aside. Accordingly, I would have affirmed the decision of the district court denying Medina-Liborio's motion to withdraw his pleas.