Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
09/22/2017 09:14 AM CDT

State of Nebraska, appellee, v.
Buoy P. Gach, appellant.
___ N.W.2d ___

Filed June 30, 2017.    No. S-16-156.

1. **Pleas: Appeal and Error.** The right to withdraw a plea previously entered is not absolute, and, in the absence of an abuse of discretion on the part of the trial court, refusal to allow a defendant's withdrawal of a plea will not be disturbed on appeal.

2. **Pleas: Convictions.** Failure to give all or part of the advisement required by Neb. Rev. Stat. § 29-1819.02(1) (Reissue 2016) regarding the immigration consequences of a guilty or nolo contendere plea is not alone sufficient to entitle a convicted defendant to have the conviction vacated and the plea withdrawn pursuant to § 29-1819.02(2).

3. **Pleas: Convictions: Claims: Proof.** To state a cognizable claim for relief under Neb. Rev. Stat. § 29-1819.02(2) (Reissue 2016), the defendant must allege and show that (1) the trial court failed to give all or part of the advisement contained in § 29-1819.02(1) and (2) the defendant faces an immigration consequence that was not included in the advisement given. It is the defendant's burden to establish these factors by clear and convincing evidence.

4. **Pleas: Convictions: Notice: Proof.** The second factor of the test announced in *State v. Yos-Chiguil*, 278 Neb. 591, 772 N.W.2d 574 (2009), assumes the court's advisement, as given, was incomplete or noncompliant and requires a defendant to show he or she faces an immigration consequence that was not included in the advisement actually given. When considering the second factor, two questions must be answered: What immigration consequences is the defendant actually facing, and What immigration consequences were actually communicated to the defendant in the advisement as given?

5. **Pleas: Convictions: Extradition and Detainer.** When the Department of Homeland Security places an immigration detainer on an individual, that person actually faces immigration consequences sufficient to claim the protections of Neb. Rev. Stat. § 29-1819.02 (Reissue 2016).

Appeal from the District Court for Douglas County: Peter C. Bataillon, Judge. Affirmed.

Peder Bartling, of Bartling Law Offices, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Austin N. Relph for appellee.

Heavican, C.J., Wright, Miller-Lerman, Cassel, Stacy, Kelch, and Funke, JJ.

Stacy, J.

Buoy P. Gach moved to vacate his conviction and withdraw his plea, claiming the District Court for Douglas County failed to properly advise him of the immigration consequences of conviction before accepting his plea of no contest.[1] The district court denied the motion, and Gach appeals. Finding no abuse of discretion, we affirm.

## FACTS

On August 5, 2009, Gach was charged with two counts of assault in the first degree[2] and with two counts of use of a deadly weapon to commit a felony.[3] The charges stemmed from events that occurred on July 3, when Gach and another individual fired a gun into a group of people standing on a porch and two people were seriously injured.

## Plea

A plea agreement was reached, and on January 11, 2010, Gach entered a plea of no contest to one count of assault in the first degree. The remaining charges were dismissed. The record from the change-of-plea hearing reflects the following colloquy between the court, the State, and Gach:

---

[1] See Neb. Rev. Stat. § 29-1819.02 (Reissue 2016).

[2] See Neb. Rev. Stat. § 28-308 (Reissue 2016).

[3] See Neb. Rev. Stat. § 28-1205 (Reissue 2016).

THE COURT: Now, [Gach], before I can accept your plea of no contest I have to be certain that there are facts that support your plea of no contest.

[Deputy county attorney], if you could please set forth the factual basis.

[Deputy county attorney]: Your Honor, before I give the factual basis I just remind the Court that perhaps before [Gach] entered the plea you could do the immigration advisory, of any potential impact on that. Would you like me to do that or would you like to do the —

THE COURT: Let me do that right now, sir. In addition to the penalty of 1 to 50 years' imprisonment, 50 being the max, one year being the minimum, your immigration status with the United States could be affected. Do you understand that, sir?

[Gach]: (No response.)

THE COURT: In other words — do you understand that?

[Gach]: Yes.

THE COURT: In other words, you could be deported . . . . Do you understand that?

[Gach]: Yes.

At the conclusion of the plea hearing, the court accepted Gach's plea and found him guilty of assault in the first degree. On April 1, Gach was sentenced to imprisonment for a term of 10 to 20 years.

## MOTION TO WITHDRAW PLEA

On November 19, 2014, Gach filed a pro se motion to vacate his conviction and withdraw his plea pursuant to § 29-1819.02(2), claiming he was not given the proper immigration advisement during his plea hearing. The court appointed counsel for Gach and set the matter for an evidentiary hearing.

At the hearing, the State and Gach stipulated to several facts which we summarize here:

- The District Court for Douglas County did not provide Gach the verbatim advisement contained in § 29-1819.02(1);

- Gach is not a U.S. citizen and was not a U.S. citizen at the time he entered his no contest plea;

- On April 14, 2010, the U.S. Immigration and Customs Enforcement Service's detention and removal section filed an "Immigration Detainer — Notice of Action" with the Department of Correctional Services (DCS) that required DCS to "detain [Gach] to provide adequate time for [the Department of Homeland Security] to assume [his] custody" in order to "determine whether [he] is subject to removal from the United States";

- DCS identified Gach's "'Projected Release Date'" as August 3, 2019; and

- DCS had the immigration detainer on file and intended to hold Gach on behalf of the U.S. Immigration and Customs Enforcement Service at the conclusion of his sentence.

During the hearing, all parties agreed that the applicable legal standard was announced by this court in *State v. Yos-Chiguil*.[4] In that case, we held that to state a cognizable claim for relief under § 29-1819.02(2), the defendant must allege and show that (1) the trial court failed to give all or part of the advisement contained in § 29-1819.02(1) and (2) the defendant faces an immigration consequence that was not included in the advisement given.

The district court overruled Gach's motion in an order entered January 14, 2016. With respect to the first prong of the *Yos-Chiguil* test, the court acknowledged its failure to comply with § 29-1819.02, stating:

[T]he Court did not give the exact verbatim advisement to [Gach]. In hindsight, it would have been more prudent for the Court to have given the verbatim advisement. . . . The Court did advise [Gach] that conviction of the offense could affect his immigration status and that he could be deported. The Court did not advise him that

---

[4] *State v. Yos-Chiguil*, 278 Neb. 591, 772 N.W.2d 574 (2009).

this only affects him if he is not a United States citizen, and rather than use the word "removal," the Court used the word "deported".

The court went on to consider whether Gach was facing immigration consequences that were not included in the advisement as given, and it concluded:

> In this case, [Gach] has been notified that upon his release from [DCS], the United States will take custody of him to determine if he should be removed from the United States. This is one of the consequences of [his] conviction in this matter. The Court . . . advised [him] of this consequence when it stated to [him] during the plea colloquy that "[his] immigration status with the United States could be [affected and he] could be deported . . . ." [He] is subject to deportation or removal from the United States for which [he] was advised.

The court thus overruled Gach's motion to withdraw his plea. Gach timely appealed, and we moved the case to our docket.[5]

## ASSIGNMENT OF ERROR

Gach assigns the district court erred in overruling his motion to withdraw his plea of no contest.

## STANDARD OF REVIEW

[1] The right to withdraw a plea previously entered is not absolute, and, in the absence of an abuse of discretion on the part of the trial court, refusal to allow a defendant's withdrawal of a plea will not be disturbed on appeal.[6]

## ANALYSIS

Section 29-1819.02(1) requires that before accepting a plea of guilty or no contest to any criminal offense, "the court shall administer the following advisement on the record to the defendant": "IF YOU ARE NOT A UNITED

---

[5] See *In re Guardianship & Conservatorship of Donley*, 262 Neb. 282, 631 N.W.2d 839 (2001).

[6] *State v. Ortega*, 290 Neb. 172, 859 N.W.2d 305 (2015).

STATES CITIZEN, YOU ARE HEREBY ADVISED THAT CONVICTION OF THE OFFENSE FOR WHICH YOU HAVE BEEN CHARGED MAY HAVE THE CONSEQUENCES OF REMOVAL FROM THE UNITED STATES, OR DENIAL OF NATURALIZATION PURSUANT TO THE LAWS OF THE UNITED STATES." Section 29-1819.02(2) provides the remedy for failure to give all or part of the immigration advisement. It states in pertinent part:

If, on or after July 20, 2002, the court fails to advise the defendant as required by this section and the defendant shows that conviction of the offense to which the defendant pleaded guilty or nolo contendere may have the consequences for the defendant of removal from the United States, or denial of naturalization pursuant to the laws of the United States, the court, on the defendant's motion, shall vacate the judgment and permit the defendant to withdraw the plea of guilty or nolo contendere and enter a plea of not guilty. Absent a record that the court provided the advisement required by this section, the defendant shall be presumed not to have received the required advisement.

[2,3] In *Yos-Chiguil*,[7] we recognized that "failure to give all or part of the advisement required by § 29-1819.02(1) regarding the immigration consequences of a guilty or nolo contendere plea is not alone sufficient to entitle a convicted defendant to have the conviction vacated and the plea withdrawn pursuant to § 29-1819.02(2)." We held that to state a cognizable claim for relief under § 29-1819.02(2), the defendant must allege and show that (1) the trial court failed to give all or part of the advisement contained in § 29-1819.02(1) and (2) the defendant faces an immigration consequence that was not included in the advisement given. It is the defendant's burden to establish these factors by clear and convincing evidence.[8]

---

[7] *State v. Yos-Chiguil, supra* note 4, 278 Neb. at 598, 772 N.W.2d at 580.

[8] See *State v. Mena-Rivera*, 280 Neb. 948, 791 N.W.2d 613 (2010).

We consider each *Yos-Chiguil* factor in turn, and we conclude that Gach has established the first factor but has failed to meet his burden with respect to the second factor.

### First Factor Under *Yos-Chiguil*

Regarding the first factor, the record is clear that instead of reciting the advisement set out in § 29-1819.02(1), the district court improvised an advisement. Because the court's advisement failed to give "all or part of" the advisement required under § 29-1819.02(1), the first *Yos-Chiguil* factor is satisfied.[9]

For the sake of completeness, we note the State asks us to find that even when the verbatim statutory advisement is not given, substantial compliance with § 29-1819.02(1) may be sufficient to satisfy the first prong of the test under *Yos-Chiguil*. Because we resolve this appeal by concluding Gach has not satisfied the second prong of *Yos-Chiguil*, we need not decide whether the first prong can ever be satisfied by an advisement which does not follow the statutory language.

However, we take this opportunity to remind lawyers and judges that there is no excuse for failing to administer the statutory advisement to every defendant. Justice Cassel's admonition in his concurrence to *State v. Rodriguez*[10] bears repeating:

> It takes only a moment. The wording is succinct. The statute specifies the precise language. Judges have no reason to improvise or summarize. The "cost" of timely giving advisements is miniscule compared to the "benefit" of avoiding plea withdrawals years after the resulting judgments having been fully executed. Judges should fully and timely comply with the statutory mandate. And the practicing bar should ensure that judges do so.

---

[9] See *State v. Yos-Chiguil, supra* note 4, 278 Neb. at 598, 772 N.W.2d at 580.

[10] *State v. Rodriguez*, 288 Neb. 714, 727, 850 N.W.2d 788, 797 (2014) (Cassel, J., concurring).

To be fair, Gach's plea hearing occurred several years before our opinion in *Rodriguez* was released. But the present appeal illustrates the cost to the parties and the justice system in terms of time and resources when the court improvises an immigration advisement instead of giving the advisement contained in § 29-1819.02(1).

### SECOND FACTOR UNDER *YOS-CHIGUIL*

[4] Under the second factor, Gach must show he is facing an immigration consequence that was not included in the advisement actually given. This factor assumes the advisement, as given, was incomplete or noncompliant and requires a defendant to show he or she faces an immigration consequence that was not included in the advisement actually given. When considering the second factor, two questions must be answered: What immigration consequences is the defendant actually facing, and What immigration consequences were actually communicated to the defendant in the advisement as given?

Section 29-1819.02(1) requires that defendants be advised of two distinct immigration consequences: removal from the United States and denial of naturalization pursuant to the laws of the United States.[11] Both consequences are important, but neither party suggests that denial of naturalization is at issue in this case. Rather, the parties stipulated that Gach is not a U.S. citizen and that an immigration detainer has been filed with DCS requiring it to "detain [Gach] to provide adequate time for [the Department of Homeland Security] to assume [his] custody" in order to "determine whether [he] is subject to removal from the United States."

[5] In *State v. Mena-Rivera*,[12] we held that when the U.S. Department of Homeland Security places an immigration detainer on an individual, that person "'actually faces'" immigration consequences sufficient to claim the protections of

---

[11] See *State v. Rodriguez, supra* note 10.

[12] *State v. Mena-Rivera, supra* note 8, 280 Neb. at 955, 791 N.W.2d at 620.

§ 29-1819.02. We conclude Gach has sufficiently shown he "actually faces" the immigration consequence of removal from the United States. We next consider whether the court's immigration advisement, as given, warned Gach of this consequence.

The court advised Gach that his "immigration status with the United States" could be affected and that he "could be deported" as a consequence of the conviction. In denying the motion to withdraw Gach's plea, the court made a specific finding that "[Gach] is subject to deportation or removal from the United States *for which* [*he*] *was advised*." In making this finding, the court used the terms "deportation" and "removal" interchangeably. We express no opinion on whether there is a relevant legal distinction between those terms in the context of this case, because that question was not presented to the district court and has not been raised on appeal. In fact, at oral argument, counsel for both parties suggested the terms are basically synonymous.

It is Gach's burden to show, by clear and convincing evidence,[13] that he is facing an immigration consequence that was not included in the advisement as given by the court. He has shown he is facing the consequence of removal, but he has failed to prove that the court's advisement, as given, did not advise him of that consequence. Gach has failed to satisfy the second prong of the *Yos-Chiguil* test, and on this record, we can find no abuse of discretion in the district court's decision to overrule Gach's motion to withdraw his plea.[14]

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED.

---

[13] See *State v. Mena-Rivera, supra* note 8.

[14] See, *State v. Ortega, supra* note 6; *State v. Yos-Chiguil, supra* note 4.