Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/08/2019 09:06 AM CST

STATE OF NEBRASKA, APPELLEE, V.
ALEJANDRO GARCIA, APPELLANT.
___ N.W.2d ___

Filed December 14, 2018.    No. S-17-1217.

1. **Pleas: Appeal and Error.** The right to withdraw a plea previously entered is not absolute, and, in the absence of an abuse of discretion on the part of the trial court, refusal to allow a defendant's withdrawal of a plea will not be disturbed on appeal.

2. **Statutes: Appeal and Error.** To the extent an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent conclusion irrespective of the determination made by the court below.

3. **Statutes: Intent.** When interpreting a statute, the starting point and focus of the inquiry is the meaning of the statutory language, understood in context.

4. **Statutes.** Statutory language is to be given its plain and ordinary meaning.

5. **Pleas: Proof.** To withdraw a plea under Neb. Rev. Stat. § 29-1819.02 (Reissue 2016), all a defendant must show is (1) that the court failed to give all or part of the advisement and (2) that the defendant faces an immigration consequence which was not included in the advisement given.

Appeal from the District Court for Platte County, ROBERT R. STEINKE, Judge, on appeal thereto from the County Court for Platte County, FRANK J. SKORUPA, Judge. Judgment of District Court affirmed.

Jamie L. Arango, of Arango Law, L.L.C., for appellant.

Douglas J. Peterson, Attorney General, and Kimberly A. Klein for appellee.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, FUNKE, PAPIK, and FREUDENBERG, JJ.

PAPIK, J.

Like many other states, Nebraska requires trial judges, prior to accepting a guilty or no contest plea, to advise the defendant on the record that a conviction may have certain immigration consequences. The same statute provides that if the court fails to give the required advisement and the defendant faces the immigration consequences about which he or she was not advised, the defendant has a right to have the judgment vacated, to withdraw the plea, and to enter a plea of not guilty.

In this case, Alejandro Garcia seeks to withdraw a no contest plea he entered years ago pursuant to that statute. Garcia concedes, however, that prior to accepting his plea, the trial court properly recited the advisement. Even so, Garcia contends that he is entitled to withdraw his plea, because an interpreter translated a word improperly when she recited the court's advisement to Garcia in Spanish. The county court overruled Garcia's motion, and the district court, sitting as an intermediate appellate court, affirmed. Because we conclude that the advisement statute does not authorize the withdrawal of pleas based on inadequate translation, we affirm.

## BACKGROUND

*Garcia's Plea of No Contest.*

On August 23, 2011, the State filed a criminal complaint in the county court for Platte County, charging Garcia with third degree domestic assault, false reporting, and obstructing government operations. During a group arraignment on August 29, the court advised Garcia of various statutory and constitutional rights relating to those charges. In particular, the court stated the following: "If you are not a United States citizen, you are hereby advised that conviction of the offense for which you have been charged may have the consequence of removal from the United States or denial of naturalization

pursuant to the laws of the United States." With the exception of the use of the singular form of the word "consequence," the foregoing is a verbatim recitation of the statutory advisement courts are required to administer prior to the acceptance of a guilty or no contest plea under Neb. Rev. Stat. § 29-1819.02(1) (Reissue 2016).

An interpreter provided a Spanish translation of the court's advisement to Garcia of his various constitutional and statutory rights, including the advisement required by § 29-1819.02(1). Garcia told the court that he heard and understood those rights. In response to questions from the court, Garcia said that he did not have an attorney, but would like an attorney to represent him. The court stated it would appoint a public defender to represent Garcia.

On September 12, 2011, Garcia was present for a second group arraignment, this time represented by counsel. The court again advised Garcia regarding his various constitutional and statutory rights, including the advisement required by § 29-1819.02(1). Again, Garcia said that he understood his rights. Pursuant to a plea agreement, Garcia entered a plea of no contest to the third degree domestic violence charge, and the other charges were dismissed. The county court later sentenced Garcia to 60 days' jail time with credit for 58 days already served.

*Initial Motion to Withdraw Plea.*

Over 4 years later, Garcia filed a motion in the county court to withdraw his plea of no contest. Garcia alleged both that he received ineffective assistance of counsel and that he did not receive the immigration advisement required by § 29-1819.02(1) prior to entering his plea. The county court issued an order stating that it gave the immigration advisement to Garcia prior to the entry of his plea and denied the motion.

Several weeks later, Garcia filed a motion to reconsider. In it, he acknowledged that the county court properly gave the

immigration advisement required by § 29-1819.02(1) prior to the entry of his plea, but alleged that the Spanish interpreter incorrectly translated one of the words in the advisement. Garcia asserted that the Spanish translator used the Spanish word for "expatriate" when she should have used the Spanish word for "removal."

The county court overruled the motion to reconsider, because Garcia had brought no evidence in support of his motion. Garcia appealed the denial of his motion to reconsider to the district court, but the district court dismissed the appeal as untimely.

*Second Motion to Withdraw Plea.*

On February 22, 2017, Garcia filed a "Motion to Vacate" in the county court. Like the motion to reconsider, it acknowledged that the court gave the advisement required by § 29-1819.02 immediately prior to the entry of Garcia's plea, but alleged that the Spanish translation was not accurate because of the improper translation of the word "removal."

At a hearing on the motion, Garcia offered and the court received a document prepared by Janeth Murillo, a certified court interpreter. In the document, Murillo set forth a transcription of the words of the county court judge at the September 12, 2011, hearing; the court interpreter's Spanish translation of the judge's words; Murillo's translation of the court interpreter's Spanish interpretation back into English; and an alternative Spanish translation showing how Murillo would have interpreted the court's words. This document showed that, according to Murillo, the court interpreter used the Spanish word for "expatriate" instead of "removal" in giving the advisement. Garcia argued that "expatriate" means to "live in a country other than the one where you were born" and that because he was born in Cuba, he was not advised that a conviction could result in his removal from the United States.

The county court overruled this motion, stating that this claim was the same as the one Garcia had brought in 2015

and that Garcia had not brought any "materially and substantially different facts that would require reconsideration of this particular issue." Garcia appealed to the district court, which affirmed, citing the law-of-the-case doctrine. Garcia timely appealed, and we removed the case to our docket on our own motion under Neb. Rev. Stat. § 24-1106(3) (Supp. 2017).

## ASSIGNMENT OF ERROR

While Garcia assigns various errors committed by the district court, they can be consolidated into one: that the district court erred in affirming the county court's order overruling Garcia's motion to vacate on law-of-the-case grounds.

## STANDARD OF REVIEW

[1,2] The right to withdraw a plea previously entered is not absolute, and, in the absence of an abuse of discretion on the part of the trial court, refusal to allow a defendant's withdrawal of a plea will not be disturbed on appeal. *State v. Gach*, 297 Neb. 96, 898 N.W.2d 360 (2017). Resolution of this appeal requires that we determine the scope and extent of the statutory remedy Garcia seeks to employ. To the extent an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent conclusion irrespective of the determination made by the court below. *State v. Medina-Liborio*, 285 Neb. 626, 829 N.W.2d 96 (2013).

## ANALYSIS

*Statutory Background.*

As alluded to above, § 29-1819.02(1) directs trial courts to administer the following advisement to a defendant prior to accepting a plea of guilty or no contest "to any offense punishable as a crime under state law, except offenses designated as infractions under state law": "IF YOU ARE NOT A UNITED STATES CITIZEN, YOU ARE HEREBY ADVISED THAT CONVICTION OF THE OFFENSE FOR WHICH YOU HAVE BEEN CHARGED MAY HAVE THE CONSEQUENCES OF

REMOVAL FROM THE UNITED STATES, OR DENIAL OF NATURALIZATION PURSUANT TO THE LAWS OF THE UNITED STATES."

Section 29-1819.02(2), in turn, provides a statutory remedy by which a defendant may withdraw a guilty or no contest plea in certain circumstances, providing:

> If, on or after July 20, 2002, the court fails to advise the defendant as required by this section and the defendant shows that conviction of the offense to which the defendant pleaded guilty or nolo contendere may have the consequences for the defendant of removal from the United States, or denial of naturalization pursuant to the laws of the United States, the court, on the defendant's motion, shall vacate the judgment and permit the defendant to withdraw the plea of guilty or nolo contendere and enter a plea of not guilty. Absent a record that the court provided the advisement required by this section, the defendant shall be presumed not to have received the required advisement.

In this case, Garcia asked to withdraw his guilty plea under § 29-1819.02(2) after he had already served his sentence for the conviction associated with that guilty plea. We begin our analysis by considering whether a trial court has authority to entertain a motion brought under § 29-1819.02(2) in these circumstances.

*Did County Court Have Authority*
*to Consider Garcia's Motion?*

On the question of whether § 29-1819.02(2) permits a trial court to consider a motion to withdraw a guilty plea after the defendant has completed his or her sentence, we do not write on a blank slate. Just over 4 years ago, in *State v. Rodriguez*, 288 Neb. 714, 726, 850 N.W.2d 788, 796 (2014), we held that § 29-1819.02(2) gives a court authority "to consider a motion to withdraw such plea or vacate the judgment regardless of whether a defendant has completed his or her sentence." Our

concurring colleague would prefer to overrule *Rodriguez*, but for reasons explained below, we decline to do so.

The concurrence contends that several years before *Rodriguez*, we held in *State v. Rodriguez-Torres*, 275 Neb. 363, 746 N.W.2d 686 (2008), that courts do not have authority to consider a motion brought under § 29-1819.02(2) once the defendant's sentence has been served. The concurrence asserts that the Legislature did not amend § 29-1819.02(2) after *Rodriguez-Torres* and that, in *Rodriguez*, this court ignored the Legislature's inaction and "create[d] [a] missing procedure through a revised interpretation." Respectfully, we do not believe this is a correct reading of *Rodriguez-Torres* or *Rodriguez*.

*Rodriguez-Torres* does contain some language, highlighted by the concurrence, stating that a trial court lacks authority to grant relief when a party's sentence has already been served and observing that the Legislature has not created a procedure for the withdrawal of a plea in such circumstances. It is important to note, however, that the guilty pleas the defendant in *Rodriguez-Torres* sought to withdraw were accepted *before* July 20, 2002.

The date of the pleas at issue in *Rodriguez-Torres* is important, because § 29-1819.02 treats defendants whose pleas were entered after that date differently from those whose pleas were accepted before it. It is only defendants whose pleas are accepted after July 20, 2002, that have a right to withdraw their plea under the terms of § 29-1819.02(2). Conversely, a defendant whose plea was accepted before July 20, 2002, cannot invoke § 29-1819.02(2) and thus must identify some other statutory procedure for the withdrawal of the plea. Read in the context of *Rodriguez-Torres*, wherein the defendant's guilty pleas were accepted before July 20, 2002, the language from *Rodriguez-Torres* the concurrence relies upon reflects a conclusion that there was no statutory procedure authorizing a defendant whose plea was accepted before July 20, 2002, to withdraw it after the sentence had been served. See, also,

*State v. Yos-Chiguil*, 278 Neb. 591, 772 N.W.2d 574 (2009) (concluding that holding of *Rodriguez-Torres* pertained to pleas entered before July 20, 2002).

Given the limited scope of the holding in *Rodriguez-Torres*, we do not agree with the concurrence that this court ignored legislative inaction following *Rodriguez-Torres* and "create[d] [a] missing procedure" in *Rodriguez*. The plea the defendant in *Rodriguez* sought to withdraw was entered *after* July 20, 2002, and thus was subject to § 29-1819.02(2), a subsection that was not at issue or analyzed in *Rodriguez-Torres*. In fact, the opinion in *Rodriguez-Torres* quotes the rest of § 29-1819.02, but omits § 29-1819.02(2).

Because *Rodriguez-Torres* did not concern § 29-1819.02(2), its conclusion was not relevant to the question presented in *Rodriguez*. The question for this court in *Rodriguez* was thus not whether to create a procedure the Legislature had declined to create; § 29-1819.02(2) explicitly spells out a procedure that is commenced "on the defendant's motion." See, also, *State v. Yos-Chiguil*, 278 Neb. at 596, 772 N.W.2d at 579 ("[b]ut as to such pleas entered after July 20, 2002, § 29-1819.02(2) establishes a statutory procedure whereby a convicted person may file a motion to have the criminal judgment vacated and the plea withdrawn . . ."). Rather, the question was whether the fact that the defendant's sentence had been completely served precluded the withdrawal of a plea when the procedure created by § 29-1819.02(2) was invoked. Finding no language limiting the relief offered by the statute in this manner, we held that it did not. Now 4 years later, the Legislature has not amended § 29-1819.02(2), and we still see no statutory language limiting its relief to individuals still serving their sentences.

Our conclusions regarding the statutory language should not be understood to dispute the concurrence's point that difficult questions can arise if relief can be granted under § 29-1819.02(2) when the defendant's sentence has been completely served. We do not, however, see anything that would

prevent these same difficult questions from arising in cases in which an individual obtains relief under § 29-1819.02(2) after serving *part* of his or her sentence, and no one disputes that § 29-1819.02(2) allows these defendants to withdraw their plea if they make the requisite showing under the statute. These questions might bear on whether, as a matter of policy, there *should* be a point at which it is simply too late to withdraw a plea, but in our view, such a policy question is for the Legislature. And because we see no indication that the Legislature limited the relief authorized by § 29-1819.02(2) to those still serving their sentences, we continue to hold that trial courts have the authority to consider motions brought under § 29-1819.02(2) "regardless of whether a defendant has completed his or her sentence." *State v. Rodriguez*, 288 Neb. 714, 726, 850 N.W.2d 788, 796 (2014).

*Does § 29-1819.02(2) Authorize*
*Withdrawal of Garcia's Plea?*

Because we find that the county court had jurisdiction of Garcia's motion to withdraw his plea, we proceed to consider the merits of his appeal. While Garcia primarily argues on appeal that the district court's analysis of the law-of-the-case doctrine was incorrect, his appeal presents a more foundational issue: whether § 29-1819.02(2) allows a defendant to withdraw a guilty or no contest plea if the trial court correctly provided the advisement, but the defendant contends there was some error in the translation of the advisement. We turn to that question now.

In a number of cases in which we have interpreted and applied § 29-1819.02(2), we have held that a defendant must demonstrate two facts in order to withdraw a guilty or no contest plea under the statute: (1) that the trial court failed to give all or part of the advisement contained in § 29-1819.02(1) and (2) that the defendant faces an immigration consequence that was not included in the advisement given. See, e.g., *State v. Gach*, 297 Neb. 96, 898 N.W.2d 360 (2017); *Rodriguez,*

*supra*; *State v. Medina-Liborio*, 285 Neb. 626, 829 N.W.2d 96 (2013); *State v. Mena-Rivera*, 280 Neb. 948, 791 N.W.2d 613 (2010); *State v. Yos-Chiguil*, 278 Neb. 591, 772 N.W.2d 574 (2009).

Here, by acknowledging that the trial court gave the required advisement properly, Garcia has effectively conceded that he cannot demonstrate the first fact that we have said a defendant must demonstrate to withdraw a plea under the statute. Garcia's motion is thus premised on § 29-1819.02(2)'s providing an alternative avenue for defendants to withdraw pleas of guilty or no contest.

[3,4] Resolving the issue of whether § 29-1819.02(2) provides an alternative means of withdrawing a plea requires us to interpret § 29-1819.02(2). When interpreting a statute, the starting point and focus of the inquiry is the meaning of the statutory language, understood in context. *Kozal v. Nebraska Liquor Control Comm.*, 297 Neb. 938, 902 N.W.2d 147 (2017). Statutory language is to be given its plain and ordinary meaning. *Medina-Liborio, supra*.

A review of the language of § 29-1819.02(2) reveals why we have repeatedly held that a defendant must show that the trial court failed to give all or part of the advisement to withdraw a plea under the statute. Section 29-1819.02(2) explicitly conditions the relief described on the court's "fail[ing] to advise the defendant as required by this section." Notably absent from the statute, however, is any reference to a right to withdraw a plea based on inadequacies with the translation of the advisement or even a more general misunderstanding of the advisement on the part of the defendant.

In other cases in which we interpreted this statute to determine what a defendant must show in order to withdraw a plea, we have adhered closely to the statutory text. For example, in *Mena-Rivera, supra*, we rejected an argument that a person seeking to withdraw a plea under the section must demonstrate prejudice. We pointed out that we had previously interpreted the statute to require a defendant seeking to withdraw a plea to

show only two things and that prejudice was not one of them. Later, in *Medina-Liborio, supra*, we rejected an argument that a defendant could not withdraw his plea under this section if the defendant already knew he would be deported because of his plea-based conviction. Citing the principle of statutory interpretation that we will not read a meaning into a statute that is not there, we explained that the "proposed limitation on the statutory mandate requiring a court to permit withdrawal of a plea in the specified circumstances is nowhere to be found in the language of § 29-1819.02." *Medina-Liborio*, 285 Neb. at 631, 829 N.W.2d at 100. And finally, as discussed above, in *State v. Rodriguez*, 288 Neb. 714, 850 N.W.2d 788 (2014), we rejected the argument that the relief offered by § 29-1819.02(2) was not available to individuals who had completed their sentences. Again, we relied on the absence of any language in the statute indicating that the relief was to be limited in the manner urged.

As the discussion of the preceding cases indicates, an interpretation that the remedy set forth in § 29-1819.02(2) extends to a circumstance not mentioned in the statute would be anomalous. The only way we could hold that a defendant may withdraw his plea because of a translation error would be to read meaning into the statute that is not reflected in its text. We have not done so when we have previously interpreted § 29-1819.02(2), and we do not interpret statutes in that manner generally. See *State v. Medina-Liborio*, 285 Neb. 626, 829 N.W.2d 96 (2013).

Indeed, if we were to find that § 29-1819.02(2) allows for the withdrawal of a plea based on inadequate translation, we would have to read *substantial* content into the statute that does not appear in its text. Were we to hold that the statute extends to translation inadequacies, subsidiary questions such as when is translation required, by what standards are alleged translation errors to be evaluated, and by what evidence are they to be proved would inevitably follow. There is nothing in the text of the statute that addresses those questions, and we

are neither well-equipped nor authorized to develop answers to them on our own. See, Neb. Const. art. II, § 1; *Heckman v. Marchio*, 296 Neb. 458, 466, 894 N.W.2d 296, 302 (2017) (explaining that "'judicial legislation'" violates article II, § 1, of the Nebraska Constitution).

[5] For these reasons, we reiterate what we have said previously: To withdraw a plea under § 29-1819.02, all a defendant must show is (1) that the court failed to give all or part of the advisement and (2) that the defendant faces an immigration consequence which was not included in the advisement given. *Medina-Liborio, supra*; *State v. Mena-Rivera*, 280 Neb. 948, 791 N.W.2d 613 (2010). Because Garcia cannot show that the trial court failed to give all or part of the advisement, we find that he was not entitled to withdraw his plea under § 29-1819.02(2).

*Garcia's Motion Does Not Assert
Constitutional Claim.*

At oral argument, Garcia's counsel contended that Garcia should be allowed to withdraw his plea under § 29-1819.02(2) and because the alleged translation errors resulted in a violation of Garcia's constitutional right to due process. This court has said that a defendant's inability to comprehend criminal proceedings or communicate in English at such proceedings can result in a violation of the defendant's due process and Sixth Amendment rights. See *State v. Alarcon-Chavez*, 295 Neb. 1014, 893 N.W.2d 706 (2017). But we have also recognized that not every translation inadequacy amounts to a due process violation. See *Tapia-Reyes v. Excel Corp.*, 281 Neb. 15, 27, 793 N.W.2d 319, 328 (2011) (explaining that "there is no constitutional right to a 'flawless' interpretation"; that "'[c]ourtroom interpretation is a demanding and inexact art'"; that "'the languages involved may not have precise equivalents for particular words or concepts'"; and that "[m]inor or isolated inaccuracies, omissions, interruptions, or other defects in translation are inevitable and do not warrant

relief where the translation is on the whole reasonably timely, complete, and accurate, and the defects do not render the proceeding fundamentally unfair"). Further complicating any potential due process claim in this case is our observation that "the failure of a trial court to warn a defendant of immigration consequences does not implicate a constitutional right." *State v. Yos-Chiguil*, 281 Neb. 618, 626, 798 N.W.2d 832, 840 (2011) (citing *Smith v. State*, 287 Ga. 391, 697 S.E.2d 177 (2010)).

In the end, we need not resolve the question of whether Garcia's due process rights were violated. Garcia's motion to vacate did not allege that his due process rights were violated or seek to withdraw his plea on this basis. As a result, that question is not before us. See *Linda N. v. William N.*, 289 Neb. 607, 856 N.W.2d 436 (2014) (appellate court will not consider theory not presented by pleadings).

The sole question raised by Garcia's motion was whether he was entitled to withdraw his no contest plea under § 29-1819.02(2). Because we have determined that he was not, we find no error in the overruling of his motion.

## CONCLUSION

Section 29-1819.02(2) allows for withdrawal of a guilty or no contest plea only if the trial court fails to give all or part of the required advisement and the defendant faces an immigration consequence that was not included in the advisement given. Because Garcia did not demonstrate that the trial court failed to give all or part of the required advisement, we conclude that Garcia was not entitled to withdraw his plea. Accordingly, we affirm.

Affirmed.

Freudenberg, J., concurring.

While concurring in the result of the majority opinion, I respectfully disagree that the county court had statutory authority to hear the matter. Neb. Rev. Stat. § 29-1819.02

(Reissue 2016) does not create a remedy for a person to withdraw his or her guilty or no contest plea after the person has fully served the sentence associated with the entry of their plea.

Adopted in 2002, § 29-1819.02 provides in relevant part:

(1) Prior to acceptance of a plea of guilty . . . to any offense punishable as a crime under state law, except . . . infractions . . . , the court shall administer the following advisement on the record to the defendant:

IF YOU ARE NOT A UNITED STATES CITIZEN, YOU ARE HEREBY ADVISED THAT CONVICTION OF THE OFFENSE FOR WHICH YOU HAVE BEEN CHARGED MAY HAVE THE CONSEQUENCES OF REMOVAL FROM THE UNITED STATES, OR DENIAL OF NATURALIZATION PURSUANT TO THE LAWS OF THE UNITED STATES.

(2) . . . If, on or after July 20, 2002, the court fails to advise the defendant as required by this section and the defendant shows that conviction of the offense to which the defendant pleaded guilty . . . may have the consequences for the defendant of removal from the United States, or denial of naturalization pursuant to the laws of the United States, the court, on the defendant's motion, shall vacate the judgment and permit the defendant to withdraw the plea of guilty . . . and enter a plea of not guilty.

In *State v. Rodriguez-Torres*, 275 Neb. 363, 746 N.W.2d 686 (2008), this court addressed the application of the remedy created by this statute for a person who has completed his or her sentence. The court directly stated:

In § 29-1819.02, the Legislature gives a court discretion to vacate a judgment or withdraw a plea where a court has failed to provide the advisement required for pleas made on or after July 20, 2002. *It does not, however, convey upon a court jurisdiction to do so where a*

*party has already completed his or her sentence.* Nor has the Legislature in any other statute allowed for a specific procedure whereby a person who has been convicted of a crime and has already served his or her sentence may later bring a motion to withdraw his or her plea and vacate the judgment.

. . . .

. . . Years after having served his sentence, [the defendant] now seeks to have his pleas withdrawn and convictions vacated. However, no legislatively authorized procedure exists which allows him to do so. Absent such a legislative procedure, there is no present recourse for [the defendant] to withdraw his pleas and vacate the judgments years after having completed his sentences. We, therefore, determine that the district court did not have jurisdiction to address [the defendant's] motion.

*Rodriguez-Torres*, 275 Neb. at 367-68, 746 N.W.2d at 689-90 (emphasis supplied).

Thus, this court clearly stated its position on the matter, and following this interpretation of § 29-1819.02, the Legislature presumptively adopted it, because it took no action to modify or amend the language of the statute. See *State v. Coble,* 299 Neb. 434, 908 N.W.2d 646 (2018). Specifically, the Legislature did not create the identified absent procedure. If the Legislature felt the *Rodriguez-Torres* interpretation was incorrect or in need of clarification, it had 6 years to act before we took such action ourselves.

Disregarding such legislative acquiescence, this court chose to create the missing procedure through a revised interpretation of this issue in *State v. Rodriguez*, 288 Neb. 714, 850 N.W.2d 788 (2014). In *Rodriguez*, this court held that by failing to use language expressly limiting the remedy to a "'prisoner in custody under sentence,'" the Legislature implicitly expressed that the scope of the remedy in § 29-1819.02 was not limited to those defendants still serving their sentence. See 288 Neb.

at 724, 850 N.W.2d at 795. This means that convicted persons can move to withdraw their pleas and vacate their convictions years or even decades after their sentences have been fully completed.

The Legislature has limited challenges brought under postconviction proceedings to periods when the term of sentence is still being served. The *Rodriguez* holding now endlessly extends the possibilities of collateral attacks on criminal convictions. I know of no other statutory postconviction remedy that is so far reaching. This unique lack of time limit on the remedy, and without specific procedures to implement this remedy, raises difficult questions. For instance, it is unclear what the statute of limitations is for charges previously dismissed pursuant to plea agreements, what the sentencing restrictions and considerations are following subsequent convictions for such charges, or how courts will address the evidentiary problems created by the passage of an extended period of time. The Legislature's failure to enact procedures addressing the questions inherent to such a remedy without a time limit—after being notified by *Rodriguez-Torres* of the necessity therefore—demonstrates that the Legislature did not actually intend to expand the remedy in the manner that we determined in *Rodriguez*.

Furthermore, there is no indication that the Legislature sought to interfere with federal law in the manner permitted by the *Rodriguez* holding. At a time when a trial court under state law would normally no longer have any jurisdiction over the criminal case, because the sentence has been fully served, it is now directed to vacate convictions for the sole purpose of preventing the imposition of federal immigration consequences upon these defendants. Setting aside criminal convictions based upon guilty or no contest pleas in such circumstances is akin to judicial clemency. This substantially interferes with the federal government's ability to impose immigration consequences under federal law. When enacting

§ 29-1819.02, the Legislature could not have intended to assist in the avoidance of federal immigration consequences for those who had completed their criminal sentences.

Criminal matters deserve finality, and the court's current interpretation of this issue, as set forth in *Rodriguez*, does not fulfill this objective. I do not believe the county court had the statutory authority to take up Garcia's motion to vacate under § 29-1819.02, brought after he had fully completed his sentence. Therefore, I agree in the court's result but respectfully disagree with its underlying legal basis in this matter.