IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

STATE V. DIAZ

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

LORENZO DIAZ, APPELLANT.

Filed August 20, 2019.    No. A-19-153.

Appeal from the District Court for Douglas County: SHELLY R. STRATMAN, Judge. Affirmed.

Peder Bartling, of Bartling Law Offices, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Jordan Osborne for appellee.

MOORE, Chief Judge, and PIRTLE and BISHOP, Judges.

MOORE, Chief Judge.

### INTRODUCTION

Lorenzo Diaz appeals from an order of the district court for Douglas County denying his request to withdraw his no contest plea to a charge of attempted second degree assault. Further, Diaz assigns that he received ineffective assistance from his counsel at the initial plea hearing and that the district court imposed an excessive sentence. We affirm.

### BACKGROUND

On April 27, 2018, the State filed an information charging Diaz with second degree assault, under Neb. Rev. Stat. § 28-309(1)(a) (Reissue 2016), a class IIA felony.

The district court held a plea hearing on September 6, 2018. A certified interpreter was present at the hearing, and translated for Diaz. Both Diaz and the State indicated that they had reached a plea agreement. The State agreed to request leave to file an amended information that

reduced the charge against Diaz to attempted second degree assault, a class IIIA felony, under § 28-309(1) and Neb. Rev. Stat. § 28-201(4)(c) (Reissue 2016). In exchange, Diaz agreed to plead no contest to the allegations in the State's amended information.

The State provided the following factual basis for Diaz' no contest plea:

On or about March, 24, 2018, here within Douglas County, law enforcement were dispatched to [a residence] for a domestic disturbance. They came into contact with the defendant's ex-wife, Natalie Diaz, who stated that the defendant, her ex-husband, had come to the residence [and] attempted to get into the residence by damaging a door with a brick. During the process, the victim, the twin sister, Esperanza Aponte-Trujillo[,] was also at the residence and opened up the door. The defendant then hit her with a brick[,] causing a four-inch laceration to her head. [The] State's evidence would suggest that everything happened here in Douglas County, and that the victim's injuries were serious enough that she had to go to the hospital.

Upon the district court's inquiry, Diaz affirmed that he understood the constitutional rights he was waiving by pleading no contest and that he understood the possible penalties for the charge in the State's amended information. Diaz additionally confirmed that he was entering the plea agreement voluntarily and without force or threat. Diaz affirmed that he discussed everything he knew about his case with his attorney and that he was satisfied with her representation. The court notified Diaz of the possible immigration consequences of his no contest plea:

THE COURT: Also, under Nebraska law, I further have to tell you -- or give you this following notification, and the notification that follows: If you are not a United States citizen, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of removal from the United States or denial of naturalization pursuant to the laws of the United States. Do you understand that notification.

[DIAZ]: Yes.

The district court found that a sufficient factual basis existed to support Diaz' plea; that Diaz understood the charge and possible penalties; that Diaz understood his rights and that he knowingly, intelligently, and voluntarily waived them. The court accepted Diaz' no contest plea and found him guilty of the crime of attempted second degree assault. The court ordered a presentence investigation and set the matter for sentencing.

On October 9, 2018, Diaz' counsel moved to withdraw, asserting that Diaz wished to withdraw his plea due to allegations against her. The district court granted this motion and appointed Diaz new counsel.

Diaz subsequently filed a motion to withdraw plea through his new counsel, arguing three reasons the district court should grant his motion. First, Diaz asserted that the court failed to administer the advisement that Neb. Rev. Stat. § 29-1819.02 (Reissue 2016) requires a defendant to receive prior to the entry of a plea. Diaz next asserted that his counsel failed to provide him with effective assistance because she did not advise him of the removal risk associated with a no contest plea under *Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010), and

because she failed to investigate the allegations underlying the amended information. Diaz also asserted that he did not commit the offense for which he was charged. Diaz' motion further stated "[S]uccessor counsel avers that [initial counsel] provided [Diaz] with an advisement consistent with the requirements of *Padilla v. Kentucky, supra*."

Prior to sentencing, the district court took up Diaz' motion to withdraw plea. The court received the translation of a letter Diaz wrote in which he asserted that he would like to change his plea because his counsel "lied" to him about the consequences of pleading no contest. The court also received a bill of exceptions from the plea hearing and Diaz' affidavit in support of his motion to change plea. In his affidavit, Diaz asserted that he was unaware of the consequences of pleading no contest to the State's charge, that he did not commit the charged offense, that he did not enter the plea voluntarily, that his initial counsel was ineffective for failing to investigate his case, and that his initial counsel was ineffective for failing to inform him of the immigration consequences of entering his plea.

After reviewing the exhibits, the court denied Diaz' motion to withdraw plea.

The district sentenced Diaz to imprisonment for a term of 3 years and credited him for 299 days served. Following release from his incarceration, the court sentenced Diaz to an 18-month term of postrelease supervision.

Diaz appeals.

## ASSIGNMENTS OF ERROR

Diaz assigns, restated, that (1) the district court erred in denying his motion to withdraw plea, (2) he received ineffective assistance from his trial counsel, and (3) the district court erred in imposing an excessive sentence.

## STANDARD OF REVIEW

Prior to sentencing, the withdrawal of a plea forming the basis of a conviction is addressed to the discretion of the trial court, and its ruling will not be disturbed on appeal absent an abuse of that discretion. *State v. Ortega*, 290 Neb. 172, 859 N.W.2d 305 (2015).

A sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion by the trial court. *State v. Briggs*, 303 Neb. 352, 929 N.W.2d 65 (2019).

A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *State v. Ettleman*, 303 Neb. 581, 930 N.W.2d 538 (2019).

Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019).

ANALYSIS

*Denial of Diaz' Motion to Withdraw Plea.*

Diaz assigns that the district court erred in denying his motion to withdraw plea. We disagree.

The right to withdraw a plea previously entered is not absolute. See *State v. Garcia*, 301 Neb. 912, 920 N.W.2d 708 (2018). When a defendant moves to withdraw his or her plea before sentencing, a court, in its discretion, may sustain the motion for any fair and just reason, provided that such withdrawal would not substantially prejudice the prosecution. *State v. Schanaman*, 286 Neb. 125, 835 N.W.2d 66 (2013). The defendant has the burden to show the grounds for withdrawal by clear and convincing evidence. *State v. Carr*, 294 Neb. 185, 881 N.W.2d 192 (2016). Clear and convincing evidence is that amount of evidence which produces in the trier of fact a firm belief or conviction about the existence of a fact to be proved. *State v. Kirby*, 25 Neb. App. 10, 901 N.W.2d 704 (2017).

Diaz argues that because the State did not present any evidence at the hearing on his motion to withdraw plea, his allegations were uncontested. Diaz asserts the affidavit he presented, in the absence of other evidence from the State, established "a fair and just reason to grant the motion." Brief for appellant at 13. However, as discussed further below, the record from the plea hearing contradicts the facts contained in his affidavit, and thus, we conclude Diaz did not meet burden to prove his grounds for plea withdrawal by clear and convincing evidence.

First, Diaz asserts that the district court erred in failing to grant his motion to withdraw his no contest plea because he was unaware of the adverse immigration consequences of the plea at the time he entered it. The record does not support this conclusion.

Neb. Rev. Stat. § 29-1819.02(1) (Reissue 2016) directs trial courts to administer the following advisement to a defendant prior to accepting a plea of guilty or no contest "to any offense punishable as a crime under state law, except offenses designated as infractions under state law": "IF YOU ARE NOT A UNITED STATES CITIZEN, YOU ARE HEREBY ADVISED THAT CONVICTION OF THE OFFENSE FOR WHICH YOU HAVE BEEN CHARGED MAY HAVE THE CONSEQUENCES OF REMOVAL FROM THE UNITED STATES, OR DENIAL OF NATURALIZATION PURSUANT TO THE LAWS OF THE UNITED STATES." The district court gave Diaz this notification at the plea hearing, and Diaz stated that he understood it. Thus, the record shows that Diaz was, in fact aware of the possible adverse immigration consequences of his no contest plea.

Diaz next asserts that the district court erred in failing to grant his motion to withdraw plea because he did not understand that the plea would have the same consequences as a guilty plea. Again, the record does not support this argument. The district court specifically advised Diaz that if the court accepted his no contest plea, Diaz would be found guilty. Diaz affirmed that he understood this. The court also advised Diaz that if the court accepted his plea of no contest, he would be waiving certain constitutional trial rights and there would not be a trial. Again, Diaz indicated his understanding. Therefore, despite Diaz' statements to the contrary in his affidavit, the record shows that he did understand the consequences of his no contest plea.

- 4 -

Diaz also argues that the district court erred in failing to grant his motion to withdraw plea because he received ineffective assistance from his counsel at the plea hearing. We address these arguments below in our discussion on his assignment of error related to ineffective assistance of counsel.

The record shows that Diaz understood the consequences of his no contest plea and entered it freely. As a result, we conclude the district court did not abuse its discretion in failing to allow him to withdraw that plea.

*Ineffective Assistance of Counsel.*

Diaz next assigns that he received ineffective assistance from his initial counsel. An ineffective assistance of counsel claim is raised on direct appeal when the claim alleges deficient performance with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court later reviewing a petition for postconviction relief will recognize whether the claim was brought before the appellate court. *State v. Schwaderer*, 296 Neb. 932, 898 N.W.2d 318 (2017).

The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved. *State v. Lamberson*, 26 Neb. App. 642, 921 N.W.2d 879 (2018). Such a claim may be resolved when the record on direct appeal is sufficient to either affirmatively prove or rebut the merits of the claim. *Id.* The record is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice, or that trial counsel's actions could not be justified as a part of any plausible trial strategy. *Id.*

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Sundquist*, 301 Neb. 1006, 921 N.W.2d 131 (2019). To show deficient performance, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *State v. Wells*, 300 Neb. 296, 912 N.W.2d 896 (2018). To show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* The two prongs of this test may be addressed in either order, and the entire ineffectiveness analysis should be viewed with a strong presumption that counsel's actions were reasonable. *State v. Henderson*, 301 Neb. 633, 920 N.W.2d 246 (2018).

Diaz claims that his counsel at the plea hearing was ineffective for failing to advise him of the adverse immigration consequences of his no contest plea as required under *Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010). The record does not support this argument. In fact, Diaz' motion to withdraw plea specifically provides "[S]uccessor counsel avers that [initial counsel] provided [Diaz] with an advisement consistent with the requirements of *Padilla v. Kentucky, supra*." Further, the district court specifically advised Diaz of the immigration consequences of his plea, and thus, even if his initial counsel's performance were deficient for

failing to advise him of the immigration consequences of his plea, that deficient performance would not have prejudiced him.

Diaz also claims that his initial trial counsel was ineffective for failing to investigate the State's charges against him. He specifically asserts that counsel failed to depose or interview the victim and three witnesses. He claims each of these parties would testify that he did not commit the assault. The record does not show whether Diaz asked his initial counsel to depose or interview these witnesses or whether she did so. As a result, the record is insufficient to address this claim on direct appeal.

*Excessive Sentence.*

Diaz also assigns that the district court erred in imposing an excessive sentence for his conviction.

Diaz was convicted of one count of attempted second degree assault, a class IIIA felony. A class IIIA felony is punishable by up to 3 years' imprisonment and 18 months' postrelease supervision, a $10,000 fine, or both. Neb. Rev. Stat. § 28-105 (Reissue 2016). Diaz' sentence was within the statutory limits. Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Tucker*, 301 Neb. 856, 920 N.W.2d 680 (2018). When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the violence involved in the commission of the crime. *State v. Spang*, 302 Neb. 285, 923 N.W.2d 59 (2019). The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *State v. Garcia*, 302 Neb. 406, 923 N.W.2d 725 (2019).

At the sentencing hearing, the district court made the following comments:

Mr. Diaz, in preparation for your sentencing, I apply all the factors in a case called *State versus Watt* [and] several other cases. Essentially, sir, I consider how old you are, I consider your prior educational background, I consider your prior criminal background, consider [sic] nature of this offense, which did involve violence. I also consider your need for rehabilitation. And just in looking through the presentence investigation report, this is a situation that was a domestic situation. The victim at the time indicated that you had been banging on the door with a brick, and then you struck her in the forehead with that same brick that you were beating on the door with.

She did have a 4-inch laceration, she had to be transported to the hospital. And so one of the things that stick out most to me, Mr. Diaz, is your need for rehabilitation, and unfortunately, that is severely hindered by your complete denial of any responsibility in this situation and your downplaying of any substance abuse issues that you have.

You're indicating that the victim in this case was crazy, that she was just trying to set you up. I certainly can't imagine someone would self-inflict a 4-inch laceration on their

forehead just to frame somebody. So your level of denial in taking any responsibility in this is really what is driving my decision on your sentence.

Clearly, from your prior record, you do have some substance abuse issues. You were offered the opportunity of drug court on one of those. You continued to have substance abuse issues with methamphetamine. And again, the facts of this situation on this case do indicate that you were under the influence of something.

So all of those are very concerning to the Court and really don't make you an adequate candidate for probation because of your level of denial. You also deny needing any form of treatment at the time. So those are what's the most concerning to this court. I hope you afford yourself the available classes and instruction that they have while you are serving this sentence because you do have a substance abuse issue. You clearly have an anger issue that all [sic] need to be addressed.

The presentence investigation report (PSR) shows that Diaz was 51 years old at the time of sentencing and has a sixth grade level of education. He is an illegal alien who has had deportation proceedings initiated against him in the past, although he claimed to have "beat" them. He has a substantial criminal history, including convictions for a wide variety of traffic offenses, theft by unlawful taking, felony possession of a controlled substance, disorderly conduct, possession of marijuana, possession of drug paraphernalia, attempted possession of a controlled substance, carrying a concealed weapon, failure to appear, felony possession of a controlled substance--methamphetamine, burglary, criminal mischief, as well as the present conviction. Diaz had successfully completed probation and drug court in the past; however, he committed subsequent drug violations.

Based on his scores on the Level of Service/Case Management Inventory, Diaz has a very high level of risk for recidivism. He has a prior history of fighting with his former wife, which prompted her to obtain a protection order against him in 2007 and 2008. He has three children, one of whom is a minor. Diaz has fallen behind on his child support obligation for this child, and is not regularly employed. Further, the PSR reflects that Diaz has taken no responsibility for the actions underlying his conviction in the present case. As a result, the probation officer felt Diaz was a poor candidate for probation and recommended a term of incarceration to be followed by an 18-month term of postrelease supervision.

Based on Diaz' extensive criminal history, the violent nature of the crime, his failure to take responsibility for that crime, his likelihood to reoffend, and his need for substance abuse treatment, we find the district court correctly determined probation would be inappropriate as it would depreciate the seriousness of the offense. The sentence imposed, therefore, was not an abuse of discretion.

Diaz argues the district court erred in failing to make specific findings about the factors listed in Neb. Rev. Stat. § 29-2260(2) (Reissue 2016). Section 29-2260, however, contains no requirement that the court make specific findings. See *State v. Hunt*, 214 Neb. 214, 333 N.W.2d 405 (1983). Further, contrary to Diaz' assertion, the trial court made specific findings regarding the statutory factors in determining whether to impose a term of imprisonment or probation.

We find no abuse of discretion in the sentence imposed by the district court upon Diaz.

## CONCLUSION

The district court did not abuse its discretion in denying Diaz' motion to withdraw his plea. Because the record shows his initial counsel provided him with the proper immigration advisement, she was not ineffective for failing to advise him of the immigration consequences of his plea. And the district court did not impose an excessive sentence. The record is insufficient to address Diaz' assertion that his original trial counsel was ineffective for failing to investigate or interview and depose the victim and certain witnesses.

AFFIRMED.